## D. D. D. CORPORATION v. FEDERAL TRADE COMMISSION.

### No. 7694.

Circuit Court of Appeals, Seventh Circuit.

Feb. 12, 1942.

Rehearing Denied March 5, 1942.

MINTON, Circuit Judge, dissenting.

———————◆———————

Geo. I. Haight and Wm. E. Lucas, both of Chicago, Ill., and R. G. Sappenfield, of Geneva, Ill., for petitioner.

W. T. Kelley, J. J. Smith, Jr., Martin A. Morrison, Asst. Chief Counsel, Clark Nichols and James W. Nichol, Sp. Attys., all of Washington, D. C., for respondent.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is a petition for review of a cease and desist order, entered by the Federal Trade Commission, April 19, 1941. It is directed at petitioner's medicinal product, "D.D. Prescription," an external liquid application for the relief of itching. The controversy revolves largely around petitioner's advertising in newspapers, periodicals and by radio of the medicinal qualities of the product, which the Commission charged, found, and now contends was false and misleading, and calculated to deceive a substantial portion of the purchasing public.

There is no dispute but that the product affords relief for itching. There is a dispute as to the extent of the relief and whether it is merely temporary or permanent. Two doctors, both specialists in the field of dermatology, testified before the Commission, one for the Commission and the other for petitioner. The Commission's doctor appraised the value of petitioner's product in a limited manner, while the petitioner's doctor ascribed a beneficial attribute of wider scope.

Itching is defined by one of the medical witnesses as follows: "A peculiar stimulation of the cutaneous nerve terminals which is referred to the central brain as a sensation which is unpleasant to the organism, and demanding certain physical response, such as scratching or rubbing."

Petitioner's product acts as an anesthetic on the nerve terminals and prevents transmission to the brain of the unpleasant, and sometimes distressing, sensation caused by itch. The medical testimony seems to be agreed that itching in itself is not a disease but is the result or symptom of a disease. The Commission admits, and so found, that petitioner's product has some value as an antipruritic, antiseptic and astringent with possible mild germicidal properties, but finds that the representations made by petitioner are grossly exaggerated, misleading and untrue.

Inasmuch as the Commission's findings and order depend largely upon petitioner's advertising matter used in connection with the sale and distribution of its product, it appears essential to set forth typical illustrations of such matter:

"Stop Itching Torture This Quick
Way.

"For quick relief from the itching of eczema, blotches, pimples, athlete's foot, scales, rashes and other externally caused skin eruptions, use cooling antiseptic, liquid D.D.D.Prescription. Original formula of Doctor Dennis. * * *"

———————————

"Itch Stopped in a Hurry by D.D.D.

"Are you tormented with the itching tortures of eczema, rashes, athlete's foot, eruptions, or other externally caused skin afflictions? For quick and happy relief, use cooling, antiseptic, liquid D.D.D. Prescription."

———————————

"Itch
of Eczema, Rashes and Other Externally Caused Skin Troubles Stopped Quickly.
"Use
"D. D. D.
"Prescription."

———————————

"It's time to realize the D.D.D. Prescription will Stop the misery of an Itching

Skin in a Jiffy! Try it for hives, eczema, winter rash and other externally caused Skin Itching."

---

"For the itching of skin irritations such as rashes, hives, and insect bites, as well as minor cases of ivy and oak poisoning, D.D.D. Liquid, ordinary strength, is recommended as an effective and ideal remedy."

Such advertising was found by the Commission to contain false, deceptive and misleading statements and representations as to the therapeutic value of petitioner's product, with the capacity and tendency to, and does, mislead and deceive a substantial portion of the purchasing public, and, as a result thereof, they are induced to purchase the product. Upon such findings, petitioner was ordered to cease and desist from representing, directly or through inference—

"(a) That respondent's preparation D.D.D. Prescription is a cure or remedy for eczema, or that it has any therapeutic value in the treatment thereof in excess of affording temporary relief from the symptom of itching;

"(b) That respondent's preparation D.D.D. Prescription is a cure or remedy for pimples or hives, or that it has any therapeutic value in the treatment thereof, in excess of affording temporary relief from the symptom of itching;

"(c) That respondent's preparation has any therapeutic value in the treatment of any disorder of the skin caused by internal or systemic conditions, in excess of affording temporary relief from the symptoms of itching;

"(d) That said preparation has any therapeutic value in the treatment of blotches or rashes appearing on the skin, when due to systemic or constitutional conditions;

"(e) That respondent's preparation has any therapeutic value in the treatment of athlete's foot, insect bites, and cases of ivy and oak poisoning, in excess of that afforded by the temporary alleviation of the symptom of itching, or that afforded by the use of an antipruritic, astringent, antiseptic, and mildly germicidal agent;

"(f) Through the use of the words 'and other externally caused skin eruptions,' or other words or phrases of similar import or meaning, in connection with diseases or conditions which may be of a systemic or internal origin, that such diseases and conditions are, in fact, solely of external origin or that respondent's preparation has therapeutic value in the treatment of such diseases and conditions regardless of their origin;

"(g) Through the use of the words 'stop itching' or other words or phrases of similar import or meaning, that respondent's preparation will either permanently or temporarily eliminate the disease or condition causing the symptom of itching or has any therapeutic value in excess of that afforded by the temporary alleviation of the symptom of itching, or that afforded by the use of an antipruritic, astringent, antiseptic, and mildly germicidal agent."

Petitioner strenuously insists that it has made no false or deceptive statements concerning its product and it is, therefore, ordered to cease and desist from doing that which it has not done. The soundness of this contention must be appraised by keeping in mind that the product is not a remedy or cure for any disease, and that its beneficial qualities are limited solely to the relief which it affords to the itching skin. It will be noted that the phrase "and other externally caused skin eruptions" often appears. Of course, this is a plain implication that the diseases enumerated in connection with this phrase are externally caused when, as a matter of fact, they are usually of internal origin. That this is a misstatement is practically conceded by petitioner's medical expert. The Commission contends that the phrase "for quick relief from the itching of eczema, blotches, pimples, athlete's foot, scales, rashes, etc.," is a representation that the product is a remedy for the diseases or ailments thus named. Petitioner argues this phrase can only refer to itching, and that there is no implication the product is a remedy or relief for such diseases. We think there is merit in petitioner's contention that this and similar statements, when carefully scrutinized, may be thus construed. The weakness of this position, however, lies in the fact that such representations are made to the public, who, we assume, are not, as a whole, experts in grammatical construction. Their education in parsing a sentence has either been neglected or forgotten. We agree with the Commission that this statement is deceptive and calculated to be deceiving to a substantial portion of the public.

Another statement even more deceptive, is: "It's time to realize that D.D.D. Prescription will stop the misery of itching skin in a Jiffy! Try it for hives, eczema, winter rash and other externally caused skin itching." Here again is a representation that hives, eczema and winter rash are of external origin. It comes near being a plain representation that the product is a remedy for such diseases. Also, the word "Stop" carries with it an implication that the product is a remedy or cure and affords permanent relief.

Another statement which we think is grossly exaggerated is "For the itching of skin irritations such as rashes, hives, * * * D.D.D. Liquid, ordinary strength, is recommended as an effective and ideal remedy." This language carries the implication that the product is a remedy or cure for the named conditions.

■ The illustrations to which we have referred are typical and there is no occasion to refer to others. We are convinced that the meaning attributable to such statements by the Commission is justified. Especially is this true when they are considered in connection with the testimony of the Commission's expert medical witness and with the conceded fact that the efficacy of petitioner's product is limited to the relief of a symptom rather than the disease giving rise thereto.

■ It must be kept in mind that the false, unfair or deceptive acts defined in the Federal Trade Commission Act need not be such as would constitute fraud, as that term is ordinarily understood in law. As was said in Federal Trade Commission v. Algoma Lumber Company, 291 U.S. 67, 81, 54 S.Ct. 315, 78 L.Ed. 655: " * * * Indeed there is a kind of fraud, as courts of equity have long perceived, in clinging to a benefit which is the product of misrepresentation, however innocently made. (Citing cases.) That is the respondents' plight today, no matter what their motives may have been when they began. They must extricate themselves from it by purging their business methods of a capacity to deceive." We think that this pronouncement is peculiarly appropriate to the instant situation.

■ Petitioner complains that the Commission erroneously found as false the statements contained in petitioner's advertisements—"Doctor Dennis' original formula" and "Original formula of Doctor Dennis." The Commission makes no con-tention that these isolated statements are false—in fact, petitioner completely established their verity. These statements, however, were merely part of an advertisement which was found to be false, and which we think the Commission had a right to consider in its entirety. Furthermore, there is nothing in the order which restrains petitioner from making such statements.

■ We are also of the view that the word "temporary" as used in Paragraphs 1(a), (b), (c), (e) and (g) of the Commission's order should be eliminated. We see no reason why petitioner should not be permitted to represent its product as a relief for itching. It does not cure either the itch or its cause, but it does afford relief. One of the definitions given by Webster for the word "relief" is "lessens evil, pain, etc." The words "relief from itching", could, in our minds, carry no implication to the public that the product was a permanent cure either for the symptom or the disease. The word "temporary" carries an uncertain meaning. As the Commission's doctor stated: "It might mean a few minutes, or an hour or so." To require its use would serve no purpose in the protection of the public, but might limit petitioner in truthfully representing its product.

The Commission's order is modified accordingly, and, as so modified, is affirmed, and the Commission may present a form of decree in conformity with our conclusion.

MINTON, Circuit Judge (dissenting).

In my opinion, the word "temporary" should remain in the order of the Commission. The representation is that petitioner's product relieves itching. Permanently? Certainly not. There is no dispute in the evidence that it does not relieve permanently. The evidence is that the relief lasts just as long as the nerves in the vicinity of the application are anesthetized. "Temporary" describes that condition. Webster defines "temporary" as meaning "Lasting for a time only, not permanent, transitory, as temporary relief."

Unless the effect of petitioner's product is limited by the word "temporary" the relief given is not accurately described. I do not believe the word "relief" means permanent relief alone, but I do think that without the modifying word "temporary" used with the word "relief," you do

not accurately describe the relief petitioner's product gives. It seems to me to work no hardship upon a business concern that wants to be fair in its dealings with the public to require it so to construct the wording of its advertisements as to describe accurately the virtues of its product. That is all the Commission's order does in this case. It simply divorces petitioner's representation of a product for temporary relief from words that might very easily mislead the public into believing they were representations as to cure and permanency. I think the Board's order as drawn is reasonable and supported by substantial evidence, and should be affirmed as written.