## SEBRONE CO. et al. v. FEDERAL TRADE COMMISSION.

### No. 8056.

Circuit Court of Appeals, Seventh Circuit.

May 26, 1943.

---

G. W. Horsley, of Springfield, for petitioner.

Joseph J. Smith, Jr., Asst. Chief Counsel, W. T. Kelley, Chief Counsel, and Karl E. Steinhauer, Sp. Atty., for Federal Trade Commission, all of Washington, D. C., for respondent.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Two corporate and five individual petitioners seek review of an order of the Federal Trade Commission that they cease and desist from disseminating false advertisements. These advertisements related to two products manufactured by the Sebrone Company, and distributed by it in Cook County, and by the Federal Cosmetic Sales Corporation elsewhere, throughout the United States, under exclusive license from the Sebrone Company. The products were "Waft," a deodorant, and "Sebrone," for use in cases of dandruff.

The order was directed to advertisements representing that petitioners' preparations were new discoveries or recent developments of scientific research; that Sebrone was a cure or remedy for dandruff or that it had any therapeutic value in the treatment thereof in excess of assisting in the temporary removal of dandruff scales and beneficially affecting superficial infections of the scalp sometimes associated with the condition of dandruff; that Sebrone would have any beneficial effect upon scars or scar tissue, or that it would remove scar tissue; through the use of the words "stops dandruff," "ends dandruff," "defeats dandruff," or similar ones, that their preparation Sebrone would permanently eliminate dandruff or constitute a remedy or cure for the underlying conditions which might cause it; that Sebrone had any therapeutic value in the treatment of any disease or condition causing baldness or that its use would prevent baldness; that Waft would destroy or have any effect upon unpleasant body or foot odors other than the temporary masking of such odors; that Waft would have any therapeutic value in the treatment of any disease or condition causing excessive sweating, or that it would reduce excessive sweating to normal or have any effect upon the condition of sweating other than the temporary effect afforded by the use of an astringent.

Petitioners' first objection to the order is directed to the inclusion therein of three individuals, Virginia Cook, Ethel Cronson and Evelyn Schon, as to whom, they con-

tend, there was absolutely no proof introduced. They urge that the mere fact that these three petitioners were officers and directors in the corporation does not raise a presumption that they have been guilty of any misdoing of the corporation until it is affirmatively shown by testimony that they participated in and helped perpetrate the alleged act.

The record shows that Miss Cook was secretary-treasurer and a director of the Cosmetic Sales Company; Mrs. Schon, secretary and treasurer of the Sebrone Company, and a director thereof; and Mrs. Cronson, a director of the Sebrone Company. One answer was filed in the name of all seven petitioners, thereby setting up identical defenses for all, with no attempt to differentiate between the responsibility of the various petitioners for the acts complained of. The record further shows that on hearing, counsel for petitioners sought leave to amend the answer to show that Miss Cook was no longer an officer of the Cosmetic Company, and that Mrs. Cronson was no longer an officer of the Sebrone Company. These changes of status were both stated to have taken place subsequent to the filing of the complaint and the answer. The record is silent as to the disposition of the request for leave to amend the answer.

■ The situation then is that the complaint charged the two corporations and their named officers and directors with the dissemination of false advertisements, setting out certain specific representations with respect to each product, which were alleged to be false; by joint answer all petitioners denied the commission of any offense; there was no denial of the use of the particular representations charged to be false; all denied the falsity of the statements used; there was no denial of responsibility for acts charged unless we consider one paragraph of answer by which *all* the individual petitioners denied dominating and controlling the advertising policies and business activities of the corporate petitioners as such a showing; all admitted by answer that the various individual petitioners occupied the respective positions ascribed to them by the complaint, and this was further supported by evidence; all admitted that they had been engaged in the sale and distribution of the cosmetic and medicinal preparations involved, and that such products had been sold and transported in interstate commerce; all denied "that the aforesaid representations and claims used and disseminated by them as hereinabove described are grossly exaggerated, misleading and untrue." In view of all these facts, we find no error on the part of the Commission in directing its order against all the petitioners without requiring specific proof of participation by each in the acts charged. Cf. Federal Trade Comm. v. Education Society, 302 U. S. 112, 58 S.Ct. 113, 82 L.Ed. 141.

■ Petitioners also complain that the order runs not only to the persons named therein, but also to their representatives, agents and employees. The Supreme Court has approved this form in the case of orders issued by the National Labor Relations Board. Southport Petroleum Co. v. Labor Board, 315 U.S. 100, 62 S.Ct. 452, 86 L.Ed. 718. See also Warner & Co. v. Eli Lilly & Co., 265 U.S. 526, 44 S.Ct. 615, 68 L.Ed. 1161. The statute relating to the issuance of injunctions provides that they shall be binding upon the parties to the suit, "their officers, agents, servants, employees, and attorneys * * *". 28 U.S. C.A. § 383. We find no error in their inclusion here.

As to the contents of the order, petitioners contend that the evidence does not support the Commission's findings that their advertising is false and misleading. The Commission listed some of the offending representations as follows:

"Sebrone is the modern, scientific way to stop dandruff.

"Stop dandruff in one week with Sebrone.

"Sebrone—new treatment puts an end to dandruff.

"Sebrone is a scientific preparation designed to end dandruff. It is made to do this job as simply and quickly as possible. The antiseptic properties of Sebrone actually destroy the dandruff germ.

"With dandruff gone, scar tissue goes, infection halts.

"Defeat dandruff with amazing new Sebrone.

"Waft reduces excessive sweating to normal.

"Kills strongest odors.

"Body and foot odors vanish. * * * this new scientific, antiseptic deodorant stops odors immediately. * * * Waft is so powerful that it removes odors not only from the feet, but from shoes and

stockings as well. * * * Even the powerful odors of onions and garlic vanish when Waft is applied."

The formulae used in the preparation of both products were stated. The Commission found that the ingredients used in making Sebrone were not new but had been used in various combinations by physicians for many years, hence the preparation was not a new scientific discovery. As to Waft, composed of formaldehyde, menthol, alcohol and water, the Commission found that because of the use of the formaldehyde, it had value as an antiseptic, but that that ingredient had long been used by the medical profession in varying percentages as an antiseptic and as a deodorant, hence it was not a new scientific discovery. It further found that, when used as a deodorant, the preparation would not destroy odors but its effect was limited to the masking of such odors as might be present, and further, that it would have but slight effect upon the condition of excessive sweating and would not reduce it to normal, there being nothing in the preparation which would have any effect upon the various causes of that condition, and its value being limited to the slight effect produced by its astringent qualities.

We find ample evidence of record to support the finding that petitioners' advertising was false and misleading. Although petitioners now contend that no one could have been misled by it into thinking that the preparations were intended to afford anything more than temporary relief, we agree with the Commission that "it is strange indeed to find petitioners contending that the public knew 'continued treatment was necessary,' when petitioners represented that: 'Most users of Sebrone report their dandruff gone in one week or less! The treatment is * * * quick * * * Stop Dandruff *in one week* with Sebrone.' " We think the clear inference to be drawn from this language is that the preparation affords permanent rather than temporary relief. Since this is not the case, by petitioners' own admission, the Commission rightly forbade the further use of such language. The same is true with respect to the inhibition of the use of the term "remedy" with respect to the preparation Sebrone. Petitioners contend that the term imports only a temporary relief, hence that they are justified in describing the product as a remedy for dandruff, pointing to a definition given by Webster: "That which

relieves or cures a disease; any healing medicine or application." We were confronted by a similar contention in D. D. D. Corp. v. F. T. C., 7 Cir., 125 F.2d 679, which we answered by saying that careful scrutiny might justify the construction urged, but that the public to whom the representations were made were not as a whole experts in grammatical construction, and that the representations there involved were calculated to deceive a substantial portion of the public. See also Bockenstette v. F. T. C., 134 F.2d 369, 371, where the Court of Appeals for the Tenth Circuit said, "Words and sentences may be literally and technically true and yet be framed in such a setting as to mislead or deceive."

Having in mind the statutory mandate that the findings of the Commission as to the facts, if supported by evidence, shall be conclusive (15 U.S.C.A. § 45), we have no hesitation in affirming the order in all respects. We find ample evidence of record to support the findings of the Commission that the representations were deceptive and misleading, and that they had a tendency to induce a substantial portion of the public to purchase the preparations thus falsely described.

The order of the Commission is affirmed, and petitioners are hereby ordered to comply with it.