CONSUMERS HOME EQUIPMENT CO. et al. v. FEDERAL TRADE COMMISSON.
CHERETON v. SAME.
Nos. 10298, 10299.

Circuit Court of Appeals, Sixth Circuit.
Dec. 22, 1947.

Louis M. Hopping, of Detroit, Mich. (Fitzgerald, Walker, Conley & Hopping, by Louis M. Hopping, all of Detroit, Mich., on the brief), for Consumers Home equipment Co.

Sylvan Rapaport, of Detroit, Mich. (Friedman, Meyers & Keys, of Detroit, Mich., on the brief), for Harry H. Chereton.

James W. Cassedy, of Washington, D. C. (W. T. Kelley, Walter B. Wooden, James W. Cassedy, and John W. Carter, Jr., all of Washington, D. C., on the brief), for Federal Trade Commission.

Before ALLEN, McALLISTER, and MILLER, Circuit Judges.

PER CURIAM.

Petitioners were found by the Federal Trade Commission to have committed and used unfair and deceptive acts and practices in commerce in violation of the Federal Trade Commission Act, 15 U.S.C., § 45, 15 U.S.C.A. § 45. Petitioner Consumers Home Equipment Company is a Michigan corporation having branches in seven states of the United States, and individual petitioners were at the time of the hearing officers and directors of the corporation who formulate and control its policies and practices. The corporate business consists of the sale and distribution of silverware, blankets, mattresses, radios, and other articles of merchandise direct to the purchasing public through house to house canvassers, and usually upon an installment basis. It was found that in the conduct of their business and for the purpose of inducing purchases the petitioners, through their salesmen, had made use in interstate commerce of a sales plan employing false representations and fraudulent schemes. A cease and desist order was issued, commanding all of the petitioners to desist from the illegal practices specified. The findings and the cease and desist order were carefully limited by the Commission to those practices which the evidence showed were performed in interstate, as well as intrastate commerce.

■ The findings of the Commission are amply sustained by the record, and hence are binding upon this court. Keasbey & Mattison Co. v. Federal Trade Commission, 6 Cir., 159 F.2d 940. Petitioner corporation contracts with purchasers in different states, delivers goods to different states, and receives payment for the articles sold. It clearly engages in interstate commerce. Federal Trade Commission v. Bunte Bros., Inc., 312 U.S. 349, 61 S.Ct. 580, 85 L.Ed. 881, relied upon by petitioners, presents a totally different fact situation, and has no bearing here. Cf. Brewer & Sons v. Federal Trade Commission, 6 Cir., 158 F.2d 74, 79. As typical of the deceptive practices engaged in, the salesmen were shown to have exhibited to purchasers samples of merchandise of a kind and quality different from that actually delivered. They represented that the merchandise offered for sale was limited in quantity or was offered at a special sale price which was a saving over prices charged by local retail stores. These representations were shown in a number of instances to be false. When an objection was made to the quality of the merchandise received, the petitioners attempted to force the purchaser to accept the merchandise delivered, by threatening suit or refusing to return the down-payments theretofore made. The numerous letters concerning these transactions received by better business bureaus in Detroit and Toledo, and the petitioners' answers thereto, are evidence that petitioners must have had knowledge of these unfair and deceptive practices.

■ The fact that a number of the transactions of which evidence was given occurred in Michigan, the corporation's state of residence, does not lessen the relevancy of the evidence as to the interstate practices shown to exist. The testimony as to the individual transactions was evidence of the merchandising plan and policy of petitioner Consumers Home Equipment Company, and shows the course of business engaged in by its agents and solicitors. Hills Bros. v. Federal Trade Commission, 9 Cir., 9 F.2d 481, certiorari denied, 270 U.S. 662, 46 S.Ct. 471, 70 L.Ed. 787. Since petitioner Harry H. Chereton, during all the period involved, was an officer and director of the corporation, responsible for its policies and practices, the order properly applies to him as well as to other officers and directors. Sebrone Co. v. Federal Trade Commission, 7 Cir., 135 F.2d 676.

The order to cease and desist is affirmed, and the petitioners are ordered to comply therewith.