[No. 6356–5–II. Division Two. August 8, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. TERRY BURLISON, ET AL, *Appellants.*

488

*Terry Burlison,* pro se.

*Kenneth O. Eikenberry, Attorney General,* and *Susan Patrick, Assistant,* for respondent.

PETRICH, C.J.—Defendant Burlison appeals pro se from a summary judgment, claiming the trial court erred in ruling that his sale of Super T laundry detergent to consumers constituted an unfair and deceptive practice under the Consumer Protection Act, RCW 19.86. The record shows there is a genuine issue of fact as to whether defendant misrepresented Super T laundry detergent in his sales promotion to consumers; therefore, we reverse the trial court's order of summary judgment.

The State sued Burlison, setting forth three claims for relief alleging violations of the Consumer Protection Act,

RCW 19.86. The State then obtained a preliminary injunction against the sale of Super T detergent. The State alleged in its first claim that Burlison's sales promotion of Super T detergent was unfair and deceptive because Burlison called Super T detergent his "own product," "the latest development in modern chemistry," claimed it was "super concentrated" and that small amounts will effectively clean clothes. The State's second and third claims for relief were based on alleged refusals of promised refunds and alleged denials of bonus incentives.

In its first claim for relief, the State contended that Burlison misrepresented the product to consumers by failing to disclose the actual ingredients of Super T detergent. The trial court granted the State a summary judgment, citing *Testo v. Russ Dunmire Oldsmobile, Inc.,* 16 Wn. App. 39, 554 P.2d 349, 83 A.L.R.3d 680 (1976). A review of the affidavits and deposition relied on by the trial court clearly establishes that Super T detergent was composed of a mixture of Sears, Roebuck and Co. (Sears) liquid laundry detergent, distilled water, blue coloring and a degreaser. The State voluntarily dismissed its second and third claims for relief.

In ruling on a motion for summary judgment the court must consider the material evidence and all reasonable inferences therefrom most favorably to the nonmoving party. If reasonable persons "'might reach different conclusions the motion should be denied.'" *Novenson v. Spokane Culvert & Fabricating Co.,* 91 Wn.2d 550, 552, 588 P.2d 1174 (1979); *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963).

The material evidence in support of the State's motion establishes that Burlison's solicitations claimed "Super T" was his own product, was the latest development in modern chemistry, and that only one–eighth of a cup is required per load of laundry. As noted above, Super T is actually a mixture of Sears laundry detergent, distilled water, blue coloring and a degreaser; twice that amount of Sears detergent is recommended for cleaning one load. Absent from

the relied upon affidavits and deposition is any evidence that Burlison represented the product as being "super concentrated" as alleged in the complaint and denied in the answer. Also absent is any evidence that the product is ineffective as a laundry detergent. We further note that while the identity of the various ingredients is not disputed, the precise amount of each component in a given quantity of the product is sharply disputed.

The courts of this state are specifically directed to be guided by federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned. *Testo*, 16 Wn. App. at 50. Several cases arising under the Federal Trade Commission Act provisions regulating advertising[1] show that while statements made in advertisements may be literally or technically true, an advertisement may still be framed in such a setting so as to mislead or deceive. *Sebrone Co. v. FTC*, 135 F.2d 676 (7th Cir. 1943); 50 A.L.R. Fed. 16, § 5(a) (1980). Advertising statements may also be misleading or deceptive by innuendo or by double meaning. *Bakers Franchise Corp. v. FTC*, 302 F.2d 258 (3d Cir. 1962); *National Comm'n on Egg Nutrition v. FTC*, 570 F.2d 157 (7th Cir. 1977); *Herolin Co.*, 34 F.T.C. 783 (1942); *I. Burman*, 33 F.T.C. 455 (1941); *Dale A. Cardner*, 50 F.T.C. 641 (1954); 50 A.L.R. Fed. 16, § 7 (1980).

Burlison's advertising statements may fall into the above categories. It is literally true that Super T detergent is his "own product," for Burlison devised its formula and manufactured it, yet Burlison does not deny it is manufactured in part from liquid laundry detergent available at Sears stores. That it is the latest development in modern chemistry may not be an outright false statement, for Burlison allegedly studied scientific material, "Chemistry Made Simple," in preparing the product. This statement may by implication, however, create an impression that a chemist invented Super T detergent's formula, or that it was

---

[1] 15 U.S.C. § 41 *et seq.*

devised after professional chemical research.

The trial court ruled that, as a matter of law, the above statements were deceptive because Burlison did not disclose the ingredients of Super T detergent to consumers. The trial court erred in granting summary judgment, for reasonable men, viewing the evidence and all the reasonable inferences toward Burlison, might reach different conclusions on whether Burlison's statements were deceptive and misleading.

After the State filed its complaint against Burlison for violation of the Consumer Protection Act, Burlison filed a counterclaim against the State for defamation and sought $3 million for each day the preliminary injunction was allowed to remain in effect. The trial court dismissed this counterclaim at the time summary judgment was granted. Burlison's claim that this dismissal was in error has no merit. *Gold Seal Chinchillas, Inc. v. State,* 69 Wn.2d 828, 420 P.2d 698 (1966) clearly warranted dismissal of his counterclaim. In *Gold Seal,* the Supreme Court established an absolute privilege for state officials making pronouncements in pleadings, or orally in press releases, which have more than a tenuous relationship to their official capacity. In the instant case, Burlison admitted filing the defamation suit only because the Consumer Protection Act suit was filed against him by the State.

Dismissal of Burlison's counterclaim was proper; however, the trial court erred in granting summary judgment on the State's first cause of action. We therefore affirm in part and reverse and remand in part.

PETRIE and REED, JJ., concur.

Review denied by Supreme Court November 16, 1984.