Nash, J.
 

 The charge of his Honor was entirely correct. When an article of personal property is sold with all faults, the doctrine of
 
 caveat em-ptor
 
 certainly applies. The very object of introducing such a stipulation into the contract is to put the buyer upon his guard, and throw upon him the burthen of examining the article, and guarding himself against all frauds, as well those which are secret, as those which are apparent. But the rule never was adopted to encourage fraud and deceit, or false dealing between man and man. The principles of the com* mon law are based on morality — not an abstract or ideal morality, but one encouraging and enforcing free dealing between man and man. When, therefore, in a contract of sale, the vendor affirms that, which he either knows to be false, or does not know to be true, whereby the other party sustains a loss, and he acquires again, he is guilty of a iraud, for which he is answerable in damages. When, therefore, sued for a deceit in the sale of an article, he cannot protect himself from responsibility, by showing, that the vendee purchased with all faults — if it appear that he resorted to any contrivance or artifice to hide the defect of the article, or made a false representation at the
 
 *352
 
 time of the sale. The fraud may exist, either in using means to conceal the defect, or in a false representation of the condition of the article. The case we are considering, states, that there was evidence tending to show the unsoundness of the negro, at the time of the sale, and of the defendant’s knowledge of the fact; and it shows, also, the assertion of the defendant, that he was sound so far as he knew. The questions, both of unsoundness and the
 
 scienter,
 
 were left by his Honor to the jury, with the direction, that if the statement made by the defendant, as to the soundness, “was false within his knowledge, he was responsible for it, as a false and fraudulent representation.” We concur in this opinion, and it is sustained fully by the case of
 
 Schneider
 
 & Heath, 3 Camp. 505. The words of Chief Justice Mansfield are strongly applicable to this case. In the commencement of his opinion, he remarks: “ The words are very large to exclude the buyer from calling upon the seller for any defect in the thing sold ; but if the seller was guilty of any positive fraud in the sale, these words will not protect him. There might be such fraud, either in a false representation, or in using means to conceal some defect.” See also, 2 Steph. N. P.
 
 1283
 
 — Mil
 
 lish
 
 v. Motteux, Pea. N. P. cases 156.
 

 No error is perceived in his Honor’s charge; and the judgment is affirmed.
 

 Per Curiam. Judgment affirmed.