State ex rel W. H. WORTH, State Treasurer, v. M. I.
STEWART et al.

(Decided March 29, 1898).

*Pleading—Fraud—Allegations of Fraud, Sufficiency of.*

Where a complaint, in an action by the State to recover money wrong-
fully paid by it to the defendants under a contract for public
printing, alleged that the defendants, by falsely printing a copy
of the contract and exhibiting it to officials whose duty it was to
examine and approve the bills for printing, procured the approval
of the accounts whereby they drew more money from the State
than they were entitled to and, by exhibiting sample sheets
of work, obtained the approval and payment of bills for work that
did not come up to the samples; *Held,* that such complaint is good
on demurrer, although fraud is not specifically alleged, since the
facts alleged, if true, constitute fraud.

CIVIL ACTION by the State on the relation of W. H.
Worth, State Treasurer, against M. I. & J. C. Stewart,
public printers, and the surety on their bond, heard be-
fore *Robinson, J.,* at October Term, 1897, of WAKE
Superior Court on complaint and demurrer. The de-
murrer was overruled and defendants appealed. The
facts sufficiently appear in the opinion.

*Messrs. Douglass & Holding* and *W. N. Jones,* for
plaintiff.
*Mr. R. O. Burton,* for defendants (appellants).

FURCHES, J.: In the statement of facts in the com-
plaint, this case is almost the same as that between the
same parties at this term, except that this case is
brought (by the State ex rel., etc.) on the bond of the
defendants and W. B. Ellis, their surety thereon; and
the defendants in this case, as they did in that, de-
murred to the plaintiff's complaint, assigning substan-

tially the same grounds of demurrer in this case that they did in that. We therefore do not feel called upon to enter into a full discussion, in this case, of the matters discussed and passed upon in that case; but we will say that the complaint in this case is subject to the same criticism as was the complaint in the other case. And still it seems to us that the averments are sufficient to sustain the action, that it is a case of an imperfect statement of a good cause of action.

We will not undertake to repeat all the averments in the complaint showing fraud and deception on the part of the defendants by which they were enabled to get a large amount of money which they were not entitled to, according to the allegations of the complaint.

But the plaintiff alleged that the defendants procured a copy of their contract with the State, which they caused to be erroneously printed, and that they exhibited and used this falsely printed contract to procure the approval of the accounts, whereby they were enabled to draw more money from the State than they were entitled to; that they exhibited sample sheets of their work upon which they procured the approval of the examiners of bills upon which they were entitled to procure warrants, and payment thereon, when in fact their work did not come up to the samples, but was done upon much smaller forms; and by this means they were enabled to collect and receive a much larger sum of money from the State than they were entitled to. This, to our minds, constitutes fraud, whether it is called fraud in the complaint or not.

And it is a little remarkable that gentlemen would admit the truth of such allegations as these, even in a demurrer. It seems to us that such allegations as these, made against a public officer of the State, demand an

investigation. They may not be true, but for the purposes of this case the demurrer admits them to be true, and they must be so considered by us. The judgment overruling the defendants' demurrer is affirmed.

Affirmed.