# M. E. WHITEHURST v. THE LIFE INSURANCE COMPANY OF VIRGINIA.

### (Filed 2 December, 1908).

**1. Insurance—Contracts—False Representations — Expressions of Opinion—Statements of Fact—Questions for Jury.**

Declarations, though clothed in the form of an opinion or estimate, made by a duly authorized agent to induce a contract or policy of insurance, accepted and reasonably relied upon by the other party as statements of facts, may be considered upon the question of whether fraud had been thereby perpetrated; and when there is a doubt as to whether they were intended and received as mere expressions of opinion, or statement of facts to be regarded as material, the question is one for the jury.

**2. Insurance—Contracts—Principal and Agent—Agent's False Representations—Knowledge Imputed—Liability.**

When an agent of an insurance company has induced the insured to take a policy of insurance in his company by making misrepresentation of a material fact concerning which, as such agent, he should have known the truth, or makes it recklessly, or affirms its existence positively, when he is consciously ignorant whether it be true or false, his principal may be held responsible by the insured relying, and having reasonable ground to rely, upon the agent's statement as importing verity.

**3. Same.**

A stipulation in a policy of life insurance, among other things, gave the plaintiff, the insured, the option to "surrender this policy and withdraw the entire cash value, that is, the legal reserve, computed according to the actuary's table of mortality, and four per cent. interest, together with the dividend." There was evidence tending to show that the agent of the defendant, the insurance company, induced the plaintiff, a blind man, to take out the policy by reading this stipulation to him, and falsely informing him that the company, at the end of ten years, would pay back the premiums with interest. *Held,* (1) It was a question for the jury as to whether these assurances were intended as statements of fact, accepted and reasonably relied upon by plaintiff as a material inducement to the contract; (2) An affirmative finding of the jury thereon established an actionable fraud imputable to defendant company, entitling plaintiff to recover the premiums paid, and interest.

149—18

ACTION tried before *W. R. Allen, J.,* and a jury, February Term, 1908, of CRAVEN.

At the close of plaintiff's testimony, and again at the close of the entire testimony, there was motion of nonsuit under the Hinsdale Act, motions refused, and defendant excepted. On issues submitted the jury rendered the following verdict:

"(1)   Did the defendant falsely represent to the plaintiff that, under the policies in controversy, the plaintiff would be repaid the amount of premiums paid by him, with about 4 per cent. interest thereon, at the expiration of ten years?

Answer:  'Yes.'

(2)   If so, did the plaintiff rely on said representations, and was he induced to accept said policies?

Answer:  'Yes.'

(3)   Has the plaintiff waived the right to rely upon failure to deliver to the plaintiff policies that provided for the return of premiums paid, and about 4 per cent. interest, at the expiration of ten years?

Answer:  'No.'

(4)   Is the defendant indebted to the plaintiff, and if so, in what sum?"

And thereupon the Court rendered judgment as follows:

"This cause coming on to be heard before his Honor, Judge W. R. Allen, and a jury, and being heard, and the jury having answered all the issues in favor of the plaintiff, except the one as to the quantum of damages, and the amount and dates of payments having been agreed upon, and it having been agreed that his Honor should answer the issue as to the quantum of damages, and his Honor having found that the payments together with interest on each up to the 10th. day of February, 1908, amounted to three hundred and fifty-nine and 63-100 ($359.63) dollars:

"It is therefore considered by the Court, and adjudged that the plaintiff recover of the defendant three hundred and fifty-nine 63-100 dollars, with interest thereon from the

10th day of February, 1908, till paid, and the costs of the action to be taxed by the Clerk."

Defendant excepted and appealed.

*H. C. Whitehurst* and *Simmons, Ward & Allen* for plaintiff.

*W. W. Clark* for defendant.

HOKE, J., after stating the case: We find no reversible error in the record, and are of the opinion that the case has been tried in substantial accord with the principles announced and upheld in the cases of *Caldwell v. Insurance Co.,* 140 N. C., 100; *Sykes v. Insurance Co.,* 148 N. C., 13; *Stroud v. Insurance Co.,* 148 N. C., 54, and other decisions of like import.

There was evidence tending to show that plaintiff obtained, and held for some time, a policy in defendant company, containing, among others, a stipulation as follows: "That if plaintiff should be living at the end of ten years, the policies could be continued or surrendered by the insured under one of the following options: I. . . II. . . . III. . . . IV. Surrender this policy and draw the entire cash value, that is, the legal reserve, computed according to the Actuary's Table of Mortality, and 4 per cent. interest, together with the dividend"; that plaintiff was blind and unable to read the policy himself, and that, at the time the contract was entered into, and as inducement thereto, the defendant's agent read the policy to plaintiff, and told plaintiff that at the end of ten years the whole amount paid in would be returned with interest; that the agent explained the 4th clause to mean that "the company would pay the premium back at the end of ten years," etc.; and that plaintiff accepted the policies and paid the premiums thereon to the amount indicated, relying upon these statements and assurances of defendant's agent referred to, etc. On this evidence we think his Honor correctly ruled that the questions at issue should be submitted to a jury.

While it is a correct principle, as we have held in *Cash Register Co. v. Townsend,* 137 N. C., 652, that expressions of commendation and opinion, or extravagent statements as to value, or prospects and the like, are not, as a rule, regarded as fraudulent in law, it is also true that, when assurances of value are seriously made, and are intended and accepted and reasonably relied upon as statements of fact, inducing a contract, they may be so considered in determining whether there has been a fraud perpetrated; and, though this declaration may be clothed in the form of opinion or estimate, when there is doubt as to whether they were intended and received as mere expressions of opinion or as statements of fact to be regarded as material, the question must be submitted to the jury.   14 A. & E., page 35; 20 Cyc., page 124; *Morse et al. v. Shaw,* 124 Mass., 59.

In 20 Cyc., *supra,* it is said: "Whether the representation was merely the expression of opinion or belief, or was the affirmation of a fact to be relied upon, is usually a question for the jury, so ordinarily it is for the jury to say whether representations as to value, solvency, or a third person's financial ability, are statements of fact or opinion."

And it is not always required, for the establishment of actionable fraud, that a false representation should be knowingly made.   It is well recognized with us that, under certain conditions and circumstances, if a party to a bargain avers the existence of a material fact recklessly, or affirms its existence positively, when he is consciously ignorant whether it be true or false, he may be held responsible for a falsehood; and this doctrine is especially applicable when the parties to a bargain are not upon equal terms with reference to the representation, the one, for instance, being under a duty to investigate, and in a position to know the truth, and the other relying and having reasonable ground to rely upon the statements as importing verity.   *Modlin v. R. R.,* 145 N. C., 218; *Ramsey v. Wallace,* 100 N. C., 75; *Cooper v.*

*Schlesinger,* 111 U. S., 148; Pollock on Torts, 7 Ed., 276; Smith on the Law of Fraud, sec. 3; Kerr on Fraud and Mistake, 68.

The conditions under which these misrepresentations as to material facts in the course of a bargain may be made the basis of an action for deceit, as a general proposition, will be found very well stated in Pollock, *supra,* as follows:

"To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must concur:

(a) It is untrue in fact.

(b) The person making the statement, or the person responsible for it, either knows it to be untrue, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not.

(c) It is made with the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it.

(d) The plaintiff does act in reliance on the statement in the manner contemplated or manifestly probable, and thereby suffers damage."

And as to responsibility for these statements attaching, when the parties are not upon equal terms in reference to them, it is said in Smith on Fraud, *supra*:

"The false representation of a fact which materially affects the value of the contract and which is peculiarly within the knowledge of the person making it, and in respect to which the other party, in the exercise of proper vigilance, had not an equal opportunity of ascertaining the truth, is fraudulent. Thus representations made by a vendor to a purchaser of matters within his own peculiar knowledge, whereby the purchaser is injured, is a fraud which is actionable. Where facts are not equally known to both sides a statement of opinion by one who knows the facts best involves very often a

statement of a material fact, for he, impliedly, states that he knows facts which justify his opinion."

And so in Kerr on Fraud and Mistake, page 68:

"A misrepresentation, however, is a fraud at law, although made innocently, and with an honest belief in its truth, if it be made by a man who ought in the due discharge of his duty to have known the truth, or who formerly knew, and ought to have remembered, the fact which negatives the representation, and be made under such circumstances or in such a way as to induce a reasonable man to believe that it was true, and was meant to be acted on, and has been acted on by him, accordingly, to his prejudice. If a duty is cast upon a man to know the truth, and he makes a representation in such a way as to induce a reasonable man to believe that it is true, and is meant to be acted on, he cannot be heard to say, if the representation proves to be untrue, that he believed it to be true, and made the misstatement through mistake, or ignorance, or forgetfulness."

Applying the principle announced and sustained by these authorities, we are of opinion, as stated, that the motion to nonsuit, entered by defendant, was properly overruled. The policy held by plaintiff in defendant's company contained stipulations to some extent ambiguous and certainly indefinite; and when an agent of defendant company, in the effort to induce plaintiff to take out the policy, said to him that, under one of these stipulations, "the company at the end of ten years would pay back the premiums with interest," we think that, under the conditions attending the transaction, and having due regard to the respective positions of the parties, it was a question for the jury as to whether these assurances, given by defendant's agent, were intended as statements of fact, accepted and reasonably relied upon by plaintiff as a material inducement to the contract, and that the verdict establishes an actionable fraud, imputable to defend-

ant company, entitling plaintiff to recover the premiums paid and interest, *Sykes v. Ins. Co., supra.*

There is no error, and the judgment below is affirmed.

No error.