T. A. HAYWOOD AND OTHERS, COMPOSING THE NORTH STATE ORCHARDS No. 3, v. G. C. MORTON.

(Filed 22 January, 1936.)

1. **Vendor and Purchaser F b—Evidence held sufficient for jury on issue of fraudulent misrepresentations by vendor of number of acres.**

    Where there is evidence that the vendor represented the tract sold to contain a certain number of acres, including two tracts upon which were situate tenant houses, and that in fact it contained a substantially smaller number of acres, and failed to include the tracts upon which the houses were situate, and evidence of facts from which it could be reasonably inferred that the vendor, at the time knew the tract to contain a smaller number of acres, and knew it did not include the tracts upon which the houses were situate, the evidence is sufficient to be submitted to the jury on the issue of vendor's fraudulent misrepresentations in the purchaser's action to recover damages sustained by reason of the shortage.

2. **Same—Failure of purchaser to ascertain acreage is not defense when purchaser's failure is due to reliance on vendor's misrepresentations.**

    A vendor's motion to nonsuit an action by his purchaser for damage resulting from a shortage of acreage in the tract sold on the ground that the purchaser had an opportunity of ascertaining the land purchased, is properly denied when there is allegation and evidence that the purchaser failed to ascertain the acreage because of the vendor's fraudulent representations as to the acreage, and tracts included, which misrepresentations were made to deceive the purchaser.

APPEAL by the defendant from *Alley, J.,* at March Term, 1935, of RICHMOND. No error.

The plaintiffs instituted this action to recover damages alleged to have been sustained by reason of false and fraudulent representations made by the defendant to the plaintiffs relative to the acreage and tracts of land conveyed by a deed from the former to the latter, the principal allegations being in the following words: "That the plaintiffs are advised, believe, and so allege that the defendant represented that he owned 2,600 acres of land, and included in which were the two tracts of 12 acres on which were the two tenant houses for the purpose of inducing these plaintiffs to purchase said tract of land, and that the plaintiffs

relied upon the representations of the defendant that he was conveying to them 2,600 acres of land by warranty deed, and that he had a good title to all of said lands, including the 12 acres on which were the two tenant houses, when, as a matter of fact, the defendant did not own 2,600 acres, nor the two tracts containing 12 acres, . . . and that the said defendant knew or should have known that he did not own the same, and he well knew or should have known that the plaintiffs relied upon his representations, and which representations were false, and that said representations were made for the purpose of inducing these plaintiffs to purchase the land described in said deed and for the amount hereinbefore stated ($50,000). That, relying upon the representations of the defendant as hereinbefore set forth, the plaintiffs purchased said tract of land represented to contain 2,600 acres and on which were the two tenant houses pointed out by the defendant, but discovered shortly thereafter and as soon as a survey of said premises could be had that the defendant did not own but about 2,200 acres of land, and did not own the two tracts of 12 acres on which were the two tenant houses, and by reason of said shortage in .acreage and the failure to convey the two tracts of 12 acres, . . . these plaintiffs have been damaged in at least the sum of $6,500." Upon these allegations the plaintiffs ask that they be allowed a credit of $6,500 upon a note of $24,500 given by them to the defendant for part of the purchase price of said lands.

The defendant's answer admits that the deed which he delivered to the plaintiffs called for 2,600 acres, more or less, and that at the time he delivered such deed to the plaintiffs he thought that the two tracts of 12 acres were included within the boundary set out in the deed, and denies that he knowingly made any false or fraudulent representations to the plaintiffs.

The defendant further sets up as a counterclaim the purchase price note of $24,500, less several admitted credits thereon aggregating $8,000, and asked judgment against the plaintiffs for the balance.

Issues were submitted to and answered by the jury as follows:

"1. Did the defendant G. C. Morton falsely and fraudulently represent to the plaintiffs that the boundary of land conveyed by him to the plaintiffs by deed bearing date of 20 June, 1932, contained 2,600 or more acres of land, as alleged in the complaint? Answer: 'Yes.'

"2. Were the plaintiffs injured and damaged by said false and fraudulent representations? Answer: 'Yes.'

"3. What damages, if any, are the plaintiffs entitled to recover? Answer: '$4,000.'

"4. In what amount are the plaintiffs indebted to the defendant? Answer: '$24,500, with interest from 20 August, 1932, subject to credits of $4,000 as of 13 September, 1932, $2,000 as of 8 October, 1932, and $2,000 as of 15 September, 1933.' "

From judgment based upon the verdict to the effect that the defendant recover of the plaintiffs $24,500, subject to the aforesaid credits of $8,000, and interest, and "subject to a credit of $4,000 awarded the plaintiffs as damages under the third issue," the defendant appealed, assigning errors.

*Fred W. Bynum and W. R. Jones for plaintiffs, appellees.*
*Morton & Smith and Vann & Milliken for defendant, appellant.*

SCHENCK, J. As is frankly stated in his brief, the appellant relies chiefly for reversal upon his exception to the court's refusal to allow his motion for judgment as of nonsuit.

There was evidence to the effect that the defendant represented to the plaintiffs that the land conveyed by the deed from him to them contained 2,600 acres or more, and that the land so conveyed contained not more than 2,200 acres, and it was admitted by the defendant that he thought and told the plaintiffs that the two tracts of 12 acres upon which two tenant houses were situated were contained in the land conveyed, when as a matter of fact they were not so contained, and there was further evidence from which it could be reasonably inferred that the defendant knew at the time he made the representations as to the acreage, and as to the tracts included therein, that such representations were false. It thus became necessary to submit to the jury the question as to whether the defendant had falsely and fraudulently represented to the plaintiffs that the land conveyed contained 2,600 acres or more, and included the two tracts of 12 acres with the tenant houses thereon.

It is the contention of the defendant that the plaintiffs had opportunity to have a survey made and thereby have ascertained the acreage of the land conveyed, as well as the tracts therein contained, and that the defendant should not be held liable for the plaintiffs' folly or negligence in not ascertaining what land they were buying, and that the court should have either granted his motion for a judgment of nonsuit or directed a negative answer to the first issue.

It is the contention of the plaintiffs that they forewent investigation because of the representations made by the defendant that the acreage was 2,600 or more, and included the two tracts of 12 acres with the tenant houses thereon, and that, therefore, since they relied upon representations which they allege were false, and made for the purpose of deceiving them, the issue of the defendant's liability for the damage caused them by such false and fraudulent representations was properly left to the jury.

The law applicable to this controversy is clearly stated in *Ferebee v. Gordon,* 35 N. C., 350, as follows: "When, therefore, in a contract of

sale the vendor affirms that which he either knows to be false or does not know to be true, whereby the other party sustains a loss, and he acquires a gain, he is guilty of a fraud, for which he is answerable in damages. When, therefore, sued for a deceit in the sale of an article, he cannot protect himself from responsibility by showing that the vendee purchased with all faults, if it appear that he resorted to any contrivance or artifice to hide the defect of the article or made a false representation at the time of the sale."

There was no error in submitting to the jury the question as to whether the defendant made false and fraudulent representations to the plaintiffs as to the acreage of land conveyed and the tracts included therein, as well also as to the *scienter* in making them.

We have examined the assignments of error to the rulings of the court upon certain evidence, as well as those to portions of the charge, and find no error therein.

No error.