MRS. NANNIE DRAPER PETTY v. PACIFIC MUTUAL LIFE INSURANCE COMPANY OF CALIFORNIA.

(Filed 14 October, 1936.)

**1. Pleadings I c——**

Upon plaintiff's motion for judgment on the pleadings, defendant's answer must be given the most favorable interpretation and every intendment taken against the plaintiff.

**2. Insurance I b—Complaint held to sufficiently allege fraud in procuring reinstatement of policy within provisions of C. S., 6460.**

Defendant insurer's answer alleged that insured signed a written statement and certificate of health to secure a reinstatement of his policy in which insured stated he was in good health and had not been attended by physicians for the year previous, whereas, in fact, defendant was suffering with ulcer of the stomach, and had been so informed by physicians which attended him less than one year prior to the application, that the application stated that the representations therein were made as a consideration for the reinstatement of the policy, that insurer did rely upon the representations and was induced thereby to reinstate the policy, which it would not have otherwise done, and that insured died from an operation for the ulcer performed less than ninety days after the application for reinstatement of the policy. *Held:* Even conceding that the application for reinstatement was governed by the provisions of C. S., 6460, that policies issued without a medical examination shall not be avoided for misrepresentations as to physical condition except in cases of fraud, insurer's answer sufficiently alleged fraud, and plaintiff beneficiary's motion for judgment on the pleading was erroneously granted, insurer being entitled to a day in court to prove the allegations if it can.

**3. Fraud B b—**

In alleging fraud it is not necessary that the word "fraud" appear in the pleading, it being sufficient if it is alleged that the opposite party knowingly made a material misrepresentation with intent that the pleader should rely thereon, and that the pleader did rely thereon to his damage.

APPEAL by defendant from *Cranmer, J.,* at June Term, 1936, of VANCE. Reversed.

Action by the plaintiff beneficiary upon a policy of insurance issued upon the life of Ira Moody Petty.

Judgment upon the pleadings for the amount demanded in the complaint was entered by the court below. Defendant appealed.

*J. P. and J. H. Zollicoffer for plaintiff, appellee.*
*J. M. Broughton for defendant, appellant.*

DEVIN, J. A judgment for the plaintiff upon the pleadings has the same effect as sustaining a demurrer to the answer, and requires that the defendant's pleading shall be given the most favorable interpretation and every intendment taken against the plaintiff. *Barnes v. Trust Co.,* 194 N. C., 371; *Pridgen v. Pridgen,* 190 N. C., 102.

It is necessary, therefore, to examine the allegations of the answer in accord with this rule.

After admitting the issuance of the policy sued on and the death of the insured, the defendant interposed the defense that the policy had lapsed for failure to pay the premiums due thereon, and that subsequently the insured made written application for reinstatement with a certificate

of health, wherein certain representations as to his then physical condition and previous requirement of medical services were made, concluding with the following language: "I hereby declare that the foregoing statements and certifications are made by me as a consideration for the acceptance by the company of the premium now in default and for the reinstatement of the above numbered policy as of the due date of said premium and are complete, true, and correct, and I understand that the company, believing the same to be such, will rely and act on them."

It is particularly alleged in the answer that, in response to the question, "Are you now in good health?" the insured replied, "Yes": "Whereas, in truth and in fact, the said insured was not at such time in good health, but, on the contrary, had at such time an ulcer of the stomach, among other ailments, of which condition the insured had previous thereto been informed and advised by one or more physicians, and for which condition a diet had been prescribed by physicians, and that said condition of ulcer of the stomach was such as to necessitate an operation of said insured, which was performed less than ninety days after the date of said certificate of health, pursuant to which operation, the death of the insured occurred a few days thereafter."

It was further alleged in defendant's answer that, in response to the question, "Have you during the past year had any injury, sickness, or ailment of any kind, or required the services of a physician or other practitioner?" the insured replied, "No": "Whereas, in truth and in fact, the insured within less than a year of the date of the said certificate of health had had sickness or ailments, including said condition of ulcer of the stomach, and had required and obtained the services of one or more physicians in connection therewith, and had within said period of less than one year previous to the date of said certificate of health been treated by one or more physicians, and had been informed by such physicians of the said condition of ulcer of the stomach; that the insured, by his answer, represented to the defendant that during the year previous to the date of said certificate, he had not had any injury, sickness, or illness of any kind, or required the services of a physician or any other practitioner, whereas, in truth and in fact, the insured had experienced sickness, as herein set forth, and had required and obtained the services of one or more physicians."

It was further alleged that the defendant relied upon the representations contained in the application for reinstatement and certificate of health and was induced thereby to reinstate said policy, which it would not otherwise have done.

In support of the ruling of the court below, the plaintiff contends that the provisions of C. S., 6460, apply to applications for reinstatement of policies unaccompanied by medical examination, and that the defendant

may not now resist payment of the amount of the insurance "on account of any misrepresentation as to the physical condition of the applicant except in cases of fraud," and that having failed to allege fraud, allegations of mere misrepresentation do not constitute a defense to a suit on the policy. Conceding, without deciding, that the provisions of the statute, C. S., 6460, are broad enough to cover an application for reinstatement of a lapsed policy as well as the initial contract where no medical examination was required, we are of opinion, and so decide, that the answer in the instant case does set out all the elements of fraudulent misrepresentation, sufficient to raise an issue.

It is not necessary that the word "fraud" be used in the pleading, nor that it be alleged in direct terms, if the facts averred contain all the essential elements of fraud. *Colt v. Kimball,* 190 N. C., 169; *S. ex rel. Worth v. Stewart,* 122 N. C., 263; 27 C. J., 30; 12 R. C. L., 417.

In *Whitehurst v. Ins. Co.,* 149 N. C., 273, defining the necessary elements to constitute fraud in the representation, it was held that as to the statement the following conditions must occur: (1) That it be untrue; (2) that the person making the statement either knew it to be untrue or was culpably ignorant whether it be true or not; (3) that it was material to the transaction and was made with intent that the other party should act upon it; (4) that the other party does act in reliance on the statement in the manner contemplated, and thereby suffers loss. *Stone v. Milling Co.,* 192 N. C., 585; *Plotkin v. Bond Co.,* 204 N. C., 508; *Ghormley v. Hyatt,* 208 N. C., 478.

The falsity and the *scienter* of the representation that the insured was in good health and had not required the services of a physician, as well as the other elements of fraudulent misrepresentation, affirmatively appear from the allegations of the answer.

Whether the defendant can make good its allegations by competent proof is another matter. At least, it is entitled to a day in court. *Abernethy v. Burns,* 206 N. C., 370.

The judgment on the pleadings must be

Reversed.