H. L. GRAY AND WIFE, LEONA GRAY, v. JAMES EDMONDS AND WIFE, EDNA EDMONDS, AND W. K. COVINGTON, TRUSTEE.

(Filed 22 November, 1950.)

**Cancellation and Rescission of Instruments § 2—Plaintiffs held without equal knowledge or means of information as to facts misrepresented.**

Allegations and evidence to the effect that plaintiffs were induced to purchase property from defendants and execute a purchase money mortgage for the balance of the purchase price because of false representations of defendants knowingly made as to the character and permanency of the tenants and amount of rents received by defendants from the property during the prior year, and that plaintiffs relied upon such misrepresentations and were induced thereby to purchase the property, *is held* sufficient to overrule defendants' demurrer to the complaint and motion to nonsuit on the evidence, since the permanency of the tenants and the amount of rents were facts within the personal knowledge of defendants, and whether they were of such character and were made under such circumstances as were calculated to deceive a person of ordinary prudence, and whether plaintiffs reasonably relied thereon, are questions for the jury.

APPEAL by defendants from *Gwyn, J.,* May Term, 1950, of MECKLENBURG. No error.

This was an action to set aside a deed of trust for fraud and to enjoin foreclosure thereunder.

The plaintiffs alleged they had been induced by the false and fraudulent representations of the defendants to buy an apartment house in Charlotte and in payment of the purchase price of $30,875 to execute a deed of trust on the apartment house and a farm of 65 acres belonging to plaintiffs.

According to plaintiffs' allegations the defendants, in order to induce plaintiffs to make the purchase, represented that the twenty or more units of the apartment house had been constantly occupied during the preceding year by steady and permanent tenants who paid rentals of $1,000 to $1,200 each month, whereas in truth over said period and long prior thereto the building had been only partly tenanted and the rentals were not more than $500 to $600 per month. Defendants also represented that the building was in good repair and structurally sound, whereas it was found to be infested with termites. Defendants represented that they had paid for the property substantially the amount for which it was offered to plaintiffs, whereas they had paid not more than half that amount. It was alleged that these representations were made with intent to deceive and did deceive the plaintiffs, and the plaintiffs in reliance thereon were induced to purchase the property and to execute deed of trust thereon and on plaintiffs' farm in payment therefor. Plaintiffs alleged that on discovery of the fraud, plaintiffs offered to reconvey

upon cancellation of the deed of trust on the farm which was refused, and plaintiffs left the building and defendants have resumed possession; that 6 February, 1950, defendants attempted to sell under the deed of trust, and both the apartment house and the farm were bid off by defendants for $20,000. Whereupon further proceedings in foreclosure were enjoined by the court.

Defendants, answering, admitted the sale of the apartment house to the plaintiffs, and the execution of the deed of trust in payment therefor, but denied all allegations of fraud. Defendants further alleged that plaintiffs had full knowledge of the apartment house and of its condition and rentals at the time they bought, having lived in the house several months before; that if the rentals received by plaintiffs were less than expected it was due to improper management.

On the trial plaintiffs offered evidence tending to show they had purchased the property as an investment induced by defendants' representations as alleged, and by an advertisement in the newspaper inserted by defendants that it rented for $270 a week—$14,000 per annum—and that plaintiffs relied on these representations which were calculated to deceive and did deceive the plaintiffs; that during the nine months plaintiffs occupied the building rentals received amounted to $3,300; that the most they could get in any month was $450 to $550; that the house was only half-filled, and at times there were only three or four tenants; that Mrs. Edmonds, one of the defendants, testified on adverse examination that the defendants had collected in 1948 only $5,200 as rentals, and that most of the tenants were transients. Plaintiffs offered to reconvey and sought only cancellation of the deed of trust on their farm.

Defendants offered no evidence.

The jury for their verdict answered the determinative issue as follows: "Were the plaintiffs induced to make said purchase and execute and deliver deed of trust as result of the misrepresentation and fraud of the defendants as alleged in the complaint? Answer: Yes."

From judgment declaring the deed of trust void, and cancelling the deed, the defendants appealed.

*B. F. Wellons and Brock Barkley for plaintiffs, appellees.*

*J. Louis Carter and J. F. Flowers for defendants, appellants.*

DEVIN, J. The defendants' demurrer *ore tenus* to the complaint cannot be sustained. Sufficient facts are alleged to constitute a cause of action for relief on the ground of fraud.

The defendants' motion for judgment of nonsuit was properly denied. Considering the plaintiffs' evidence in the light most favorable for them, it is apparent that it was sufficient to carry the case to the jury on the

issue of actionable fraud. *Whitehurst v. Ins. Co.,* 149 N.C. 273, 62 S.E. 1067; *Petty v. Ins. Co.,* 210 N.C. 500, 187 S.E. 816; *Ward v. Heath,* 222 N.C. 470, 24 S.E. 2d 5; *Atkinson v. Charlotte Builders, ante,* 67, 59 S.E. 2d 1.

The defendants bottom their defense on the principle that the purchaser of property seeking redress on account of loss sustained by reliance upon a false representation of a material fact made by the seller may not be heard to complain if the parties were on equal terms and he had knowledge of the facts or means of information readily available and failed to make use of his knowledge or information, unless prevented by the seller. *Harding v. Ins. Co.,* 218 N.C. 129, 10 S.E. 2d 599; *Peyton v. Griffin,* 195 N.C. 685, 143 S.E. 525. But the rule is also well established that one to whom a positive and definite representation has been made is entitled to rely on such representation if the representation is of a character to induce action by a person of ordinary prudence, and is reasonably relied upon. 23 A.J. 970, Restatement Torts, secs. 537, 540. According to plaintiffs' evidence here the amount of rentals collectible was a material inducement to the purchase of an apartment house for investment, and the representations as to what had been collected over a period and as to the character and permanency of the tenants occupying it presented matters of fact within the personal knowledge of the defendants, and about which the plaintiffs had no means of accurate information, and upon which plaintiffs justifiably relied. *Mills v. Mills,* 230 N.C. 286, 52 S.E. 2d 915; *Haywood v. Morton,* 209 N.C. 235, 183 S.E. 280; *Sanders v. Mayo,* 186 N.C. 108, 118 S.E. 910; *Currie v. Malloy,* 185 N.C. 206, 116 S.E. 564; *Stewart v. Realty Co.,* 159 N.C. 230, 74 S.E. 736; *Walsh v. Hall,* 66 N.C. 233.

The evidence introduced by plaintiffs was sufficient to present issues for the jury to determine whether the representations as alleged were made, and, if so, whether they were of such character and made under such circumstances as were calculated to impose upon or deceive a person of ordinary prudence and whether they were reasonably relied upon. *Sanders v. Mayo, supra.*

Defendants noted exceptions to the rulings of the court in the admission of testimony, but these are without merit. Defendants also noted exception to portions of the judge's charge to the jury, but considering the charge as a whole, we perceive no substantial error of which defendants can justly complain.

In the trial we find

No error.