H. M. KEITH AND J. H. WICKER T/A KEITH AND WICKER v. M. O. WILDER, WADE WILDER, JOHN SNIPES AND C. S. GAINES AND H. B. GAINES, T/A GAINES LUMBER COMPANY.

(Filed 23 March, 1955.)

1. **Fraud §§ 9, 12—Allegations and evidence held sufficient to make out case of fraud in sale of timber.**

The allegations and evidence were to the effect that defendants were acting in concert in procuring plaintiffs to purchase timber, that one of defendants pointed out the lines and boundaries of an adjacent tract and represented that it was included in the sale, that the timber on the adjacent tract was of considerable value, constituting an inducement to plaintiffs to purchase, that the defendants admitted the adjacent tract was not included in plaintiffs' deed, and that defendants made the misrepresentation with knowledge of its falsity or in conscience ignorance of its truth for the purpose of inducing plaintiffs to purchase. *Held:* The allegations were sufficient to overrule defendants' demurrer and the evidence was sufficient to overrule defendants' motion to nonsuit.

2. **Fraud § 1—**

An action will lie to recover damages for false and fraudulent representations in the sale of property when it is made to appear that such representations were calculated and intended to induce the purchase and were reasonably relied on by the purchaser to his injury and damage. A misrepresentation is material if it induces the other party to act.

3. **Fraud § 5—**

The rule that if the parties are on equal terms and the purchaser has knowledge of the facts or means of information readily available, an action for fraud will not lie for material misrepresentation unless the seller prevents the purchaser from making use of his knowledge or information, is subject to the exception that an action will lie when the seller makes a positive and definite representation which the purchaser does and is entitled to rely upon, and the representation is of a character to induce a person of ordinary prudence to act to his damage.

4. **Same—**

Where standing timber is conveyed by a deed describing the lands as a named tract without setting out the boundary lines, and one of the brokers points out the boundary lines of an adjacent tract and falsely and fraudulently represents that such adjacent tract is embraced in the description in the deed, the purchasers are entitled to rely upon such positive representation and may maintain an action for fraud, notwithstanding that they could have ascertained by an accurate survey whether the adjacent tract was included in the description in the deed.

5. **Partnership § 5—**

. Each person engaged in a joint or common enterprise in the sale of timber to purchasers is responsible for the acts and representations of the others in negotiating the sale, and if any one or more of them makes false representations to the purchasers or either of them, such representations are regarded in law as having been made by all the sellers.

**6. Same: Trial § 17—**

Where testimony of an admission made by one defendant after the consummation of the transaction is properly limited by the court to be considered only against the individual making the statement, exception thereto cannot be sustained.

**7. Appeal and Error § 29—**

Exceptions not brought forward as separate assignments of error and not discussed in the brief are deemed abandoned. Rule 28; Rule 19 (3).

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendants Wilder from *Bone, J.,* September Term 1954 of LEE.

Civil action to recover damages for fraudulent representation in the sale of standing timber on described lands.

Plaintiffs entered voluntary nonsuit as to the defendants Gaines. The defendant Snipes did not perfect his appeal. Only the defendants Wilder are now involved.

The plaintiffs Keith and Wicker are and were associated together in the purchase of timber and the manufacture of lumber and were partners in the transaction out of which this controversy arose. Briefly stated, the plaintiffs' evidence tended to show that the defendants Wilder and Snipes were acting together as agents or brokers in the sale of timber and timber lands, and that they negotiated with the plaintiffs and succeeded in inducing them to purchase the standing timber on a tract of land in Orange County known as the Thompson-Hicks or Umstead land, containing 713 acres, belonging to C. S. and H. B. Gaines, at and for the price of $32,000. Upon delivery of the deed executed by the owners of the land, the plaintiffs paid, as directed, $27,500 for the benefit of the owners, and $4,500 to the defendants Wilder and Snipes as their commissions.

The plaintiffs alleged—and offered testimony tending to show—that in the negotiations leading up to the purchase, and at the time of the personal inspection and examination of the standing timber on the land, the defendants Wilder and Snipes represented to the plaintiffs that the timber then being sold included that on a tract of 29.70 acres, which is particularly described in the complaint. It was testified by the plaintiffs that one of the defendants Wilder showed the 29.70-acre tract to the plaintiffs and pointed out the lines and boundaries thereof and represented that the timber thereon, which was of considerable value, was a part of the timber being sold; that after the sale was consummated and the price paid, it was found that the 29.70-acre tract belonged to someone else, and the defendants admitted it was not covered by the deed the plaintiffs received. Plaintiffs' testimony was also to the effect that de-

fendant Snipes signified his willingness to refund a portion of the purchase price equivalent to the value of the timber on the 29.70-acre tract, but the defendants Wilder declined to do so, contending the transaction was free from fraud.

The plaintiffs alleged that the representations made by the defendants were false; that the defendants knew they were false or that the representations were made by the defendants with conscious ignorance of their truth for the purpose of inducing plaintiffs to purchase the timber; and that the plaintiffs relied thereon and were induced thereby to purchase and pay the price, to their damage in the sum of $2,500.

The defendants denied that they made the representations as alleged, and, on the contrary averred that they were ignorant as to the correct boundaries of the land which belonged to Gaines and so advised the plaintiffs. The defendants also denied that they showed the plaintiffs the boundary lines of the 29.70-acre tract and alleged that the plaintiffs knew the land belonged to Gaines and that information as to its extent was equally open to the plaintiffs. They pointed out that the deed which the plaintiffs accepted described and identified the entire body of 713 acres of land merely by the names of former owners, and was without covenants of warranty, and that the plaintiffs had ample opportunity by survey to determine accurately the lines and boundaries of the land on which the timber purchased was standing; and that the transaction was without fraud or fraudulent representation on their part.

In response to issues submitted without objection, the jury found for its verdict that (1) the defendants falsely and fraudulently represented that the timber on the 29.70-acre tract was within the boundaries of the timber being sold; (2) that plaintiffs were damaged thereby; and (3) that plaintiffs were entitled to recover $1,500 therefor.

From judgment in accordance with the verdict the defendants Wilder appealed.

*Hoyle & Hoyle and J. G. Edwards for plaintiffs, appellees.*
*Gavin, Jackson & Gavin for defendants, appellants.*

DEVIN, J. The defendants demurred *ore tenus* on the ground that insufficient facts were alleged in the complaint to sustain an action for damages for fraud, and again at the conclusion of all the evidence moved for judgment of nonsuit on the ground that the evidence was insufficient to warrant its submission to the jury. The trial judge overruled the demurrer and denied the motion to nonsuit.

The assignments of error based on these rulings cannot be sustained. The allegations of the complaint are sufficient to state a cause of action for the recovery of damages for false and fraudulent representations

inducing the purchase of the timber described, and the evidence offered by the plaintiffs tended to support these allegations. *Roberson v. Williams,* 240 N.C. 696, 83 S.E. 2d 811; *Cofield v. Griffin,* 238 N.C. 377, 78 S.E. 2d 131; *Mfg. Co. v. Taylor,* 230 N.C. 680, 55 S.E. 2d 311.

It is an established principle of law that an action will lie to recover damages for false and fraudulent representation in the sale of property when it is made to appear that such representations were calculated and intended to induce the purchase and were reasonably relied on by the purchaser to his injury and damage.

The rule is accurately stated in *Cofield v. Griffin, supra,* as follows:

"The essential elements of fraud are these: (1) That defendant made a representation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made the representation with intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation, and acted upon it; and (6) that plaintiff thereby suffered injury. *Parker v. White,* 235 N.C. 680, 71 S.E. 2d 122; *Foster v. Snead,* 235 N.C. 338, 69 S.E. 2d 604; *Vail v. Vail,* 233 N.C. 109, 63 S.E. 2d 202. A false representation is material when it deceives a person and induces him to act. *Starnes v. R. R.,* 170 N.C. 222, 87 S.E. 43; *Machine Co. v. Bullock,* 161 N.C. 1, 76 S.E. 634."

The able judge who presided over the trial of this case quoted the language of the *Cofield case* in his charge to the jury.

Again in *Gray v. Edmonds,* 232 N.C. 681, 62 S.E. 2d 77, this Court stated a principle applicable to the facts of record here as follows:

"The defendants bottom their defense on the principle that the purchaser of property seeking redress on account of loss sustained by reliance upon a false representation of a material fact made by the seller may not be heard to complain if the parties were on equal terms and he had knowledge of the facts or means of information readily available and failed to make use of his knowledge or information, unless prevented by the seller. *Harding v. Ins. Co.,* 218 N.C. 129, 10 S.E. 2d 599; *Peyton v. Griffin,* 195 N.C. 685, 143 S.E. 525. But the rule is also well established that one to whom a positive and definite representation has been made is entitled to rely on such representation if the representation is of a character to induce action by a person of ordinary prudence, and is reasonably relied upon. 23 A.J. 970, Restatement Torts, secs. 537, 540."

The principles of law embodied in these and other similar decisions of this Court support the ruling of the trial judge. *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785; *Garland v. Penegar,* 235 N.C. 517, 70 S.E. 2d 486; *Haywood v. Morton,* 209 N.C. 235, 183 S.E. 280; *Ward v.*

*Heath,* 222 N.C. 470, 24 S.E. 2d 5; *Whitehurst v. Ins. Co.,* 149 N.C. 273; *Lamm v. Crumpler,* 240 N.C. 35 (44), 81 S.E. 2d 138; *Roberson v. Williams, supra; May v. Loomis,* 140 N.C. 350.

The defendants cite *Queen v. Sisk,* 238 N.C. 389, 78 S.E. 2d 152, and *Williamson v. Holt,* 147 N.C. 515, in support of their argument that the rule of *caveat emptor* applies to the facts of this case to defeat the plaintiffs' action, but we do not think the principle stated in these cases and in the other cases of similar .import cited are controlling here. While the deed conveying the standing timber to the plaintiffs described the land on which the timber stood as the Thompson-Hicks land and did not set out the boundary lines, there was evidence from the plaintiffs that a particular parcel of land was falsely and fraudulently represented as being embraced within the description in the deed.

True the plaintiffs could have ascertained by an accurate survey of the lines and boundaries of the land whether the 29.70-acre tract was included (*Plotkin v. Bond Co.,* 204 N.C. 508, 168 S.E. 820; *Peyton v. Griffin, supra*), but the defendants cannot complain if the plaintiffs relied upon the defendants' positive representation, as testified by plaintiffs, that the timber on this parcel of land was a part of that being sold. *Gray v. Edmonds, supra; Ferebee v. Gordon,* 35 N.C. 350.

Defendants excepted to the following instruction given by the court to the jury:

"Since it appears from the testimony without contradiction that the defendants were engaged in a common or joint enterprise in connection with the sale of the Gaines timber, the acts and representations of any one of them would be regarded in law as the acts and representations of all. If any one or more of the defendants made false and fraudulent representations to the plaintiffs, or either of them, such representations would be regarded in law as having been made by all of the defendants to both plaintiffs."

The court correctly stated a principle of law applicable to the evidence in this case. *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892; *Hall v. Younts,* 87 N.C. 285; *Mode v. Penland,* 93 N.C. 292; G.S. 59-43.

The defendants' exception to the evidence offered by plaintiffs of statements subsequently made by certain of the defendants, indicating willingness to repay to plaintiffs for the loss suffered, cannot be sustained as the court limited this evidence as competent to be considered only against the individual making the statement.

The defendants noted numerous exceptions to rulings of the court in the admission and exclusion of testimony during the progress of the trial, but these were not brought forward as separate assignments of error, and some of them are not discussed in the brief. Rule 28; Rule 19 (3); *S. v. Bittings,* 206 N.C. 798, 175 S.E. 299. However, we have examined these

exceptions as they appear in the record and reach the conclusion that none of them are of sufficient merit to justify a new trial.

Likewise we have considered the exceptions to the judge's charge and to the court's failure to charge as indicated in defendants' brief, and we are unable to discover any error of which the defendants can in law complain. The jury accepted the plaintiffs' view of the case on competent evidence, and the court's rulings were free from substantial error. The verdict and judgment will be upheld. In the trial we find

No error.

BARNHILL, C. J., took no part in the consideration or decision of this case.