EDDIE HARDY, JR. v. CHARLES L. TOLER AND PAMLICO MOTOR COMPANY, A CORPORATION

No. 12

(Filed 7 October 1975)

1. Damages § 11— punitive damages

Punitive damages may be awarded only where the wrong is done wilfully or under circumstances of rudeness, oppression or in a manner which evidences a reckless and wanton disregard of the plaintiff's rights.

2. Damages § 15; Fraud § 13— fraud in sale of automobile — no punitive damages

In an action to recover damages for fraud in the sale of an automobile, the evidence was insufficient to be submitted to the jury on the issue of punitive damages where it tended to show that defendants represented that the automobile was a one-owner vehicle, had been driven only 23,000 miles, had never been wrecked, and that the warranty could be transferred to plaintiff, that defendants knew the car was a second-owner vehicle, had been wrecked, and had been driven over 79,000 miles when plaintiff purchased it, and that the warranty could not be transferred to plaintiff.

3. Fraud § 13; Unfair Competition— unfair or deceptive acts in commerce — question for court — representations by automobile salesman — stipulations — question of law

While it would ordinarily be for the jury to determine the facts and for the court, based on the jury's finding, to determine as a matter of law whether defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce in violation of G.S. 75-1.1, false representations made by defendants in the sale of a car to plaintiff are held by the Supreme Court to constitute unfair or deceptive acts or practices in commerce as a matter of law based upon stipulations by the parties that defendants falsely represented to plaintiff that the car was a one-owner vehicle which had not been involved in a wreck and that the warranty would transfer to plaintiff, and plaintiff is entitled to recover treble damages.

Justice HUSKINS concurring in result.

Justices LAKE and EXUM join in the concurring opinion.

ON *certiorari* to review the decision of the Court of Appeals, 24 N.C. App. 625, 211 S.E. 2d 809 (1975), vacating judgment of *James, J.,* 7 May 1974 Session, CRAVEN Superior Court.

Material portions of the complaint are summarized as follows: On or about 11 November 1971, plaintiff purchased from defendants a 1970 Dodge automobile for $2,350. The odometer of the automobile registered approximately 21,000 miles and the defendants represented the vehicle as having had only one previous owner. The vehicle was warranted to be in good condition and the plaintiff was informed that the Chrysler warranty could be transferred to him for the additional sum of $25.00, which plaintiff paid.

On 30 May 1972, plaintiff was advised by defendants that the warranty could not be transferred to plaintiff and defendants attempted to return the $25.00 transfer fee. At this time plaintiff became aware that the vehicle was not in conformity with the representations that had been made and upon which plaintiff had relied in purchasing the automobile. The vehicle was found to have had over 79,000 miles on it at the time it was purchased; the vehicle had been sold twice prior to the sale to the plaintiff, making the car a third-owner vehicle to which the warranty would not transfer. Moreover, the automobile had been damaged in a collision while previously owned, a fact known to the defendants at the time of sale to the plaintiff.

In June and July of 1972, plaintiff notified defendants that he had revoked his acceptance and demanded a refund of the purchase price or seasonable cure of the nonconformity, neither of which occurred. The fair market value of the automobile as represented and warranted was $2,350; its actual value was $1,450. Plaintiff prayed for actual damages in the amount of $900, punitive damages in the amount of $50,000, and for treble damages, as provided by G.S. 75-16, for unfair and deceptive acts and practices in the conduct of trade and commerce as condemned in G.S. 75-1.1.

In their answer defendants admitted that their representations as to the transferability of the Chrysler warranty and prior ownership of the vehicle were erroneous, but that they were made through an honest mistake. They alleged that one of the owners had only kept the car overnight and that the sale had been voided on their books; that they did not find out about the non-transferability of the warranty until they heard

from Chrysler Corporation at which time they offered to refund the plaintiff's $25.00 and make the warranty good themselves, which offer was refused by the plaintiff.

At the close of all evidence at trial, defendants' motion for a directed verdict as to the issue of punitive damages was allowed over plaintiff's objection and exception. Plaintiff's motion for a directed verdict on the issue of whether the defendants had breached any express warranty made to the plaintiff was also allowed. The trial judge refused to submit to the jury the issue of whether the representations of the defendants constituted unfair and deceptive acts and practices under G.S. 75-1.1, and following the jury's award of $600 actual damages refused to treble that amount under G.S. 75-16, to which plaintiff excepted.

On appeal, the Court of Appeals held that the action of the trial court in refusing to submit an issue regarding punitive damages was correct, but that the court erred in refusing to submit the issue regarding unfair or deceptive acts and practices in the conduct of trade or commerce. The judgment of the trial court was then vacated and the case remanded for a new trial. We allowed *certiorari* on 6 May 1975.

Other facts necessary to decision are set out in the opinion.

*Attorney General Rufus L. Edmisten and Assistant Attorney General Donald A. Davis, amicus curiae, for the State.*

*Ward & Ward, by Jerry F. Waddell and Kennedy W. Ward for plaintiff appellant.*

*Wilkinson and Vosburg by John A. Wilkinson for defendant appellees.*

MOORE, Justice.

Plaintiff first assigns as error the holding of the Court of Appeals affirming the action of the trial court in allowing defendants' motion for a directed verdict under Rule 50(a) as to the issue of punitive damages.

This action is based upon fraudulent representations made by Toler on behalf of himself and his principal, Pamlico Motor Company, which were relied upon by the plaintiff in purchasing the automobile in question. Defendants represented to the plaintiff that the automobile was a one-owner vehicle which had

been driven approximately 23,000 miles, that it had never been wrecked, and that the Chrysler warranty could and would be transferred to plaintiff. Plaintiff offered testimony tending to show that all of these representations were false. The parties stipulated that the car had had two prior owners, had been involved in a wreck, and that the Chrysler warranty would not transfer to plaintiff. Although the plaintiff's evidence and the stipulations of the parties provide ample basis for a recovery based on actionable fraud, this was not sufficient to subject the defendants to punitive damages.

In North Carolina, whether a person may recover punitive damages in an action for fraud depends upon the character of the acts alleged to constitute fraud in each case. Furthermore, it is the general rule that ordinarily punitive damages are not recoverable in an action for fraud. *Davis v. Highway Commission,* 271 N.C. 405, 156 S.E. 2d 685 (1967) ; 3 Strong, N. C. Index 2d, § 11, p. 181, and cases cited therein.

In *Nunn v. Smith,* 270 N.C. 374, 154 S.E. 2d 497 (1967), the Court quoted with approval from *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785 (1953), which held that plaintiffs were not entitled to punitive damages in an action for fraud merely upon a showing of misrepresentations which constituted the cause of action, without more:

> " ' . . . " 'Punitive damages' are damages, other than compensatory or nominal damages, awarded against a person to punish him for his outrageous conduct." . . .

> \*     \*     \*

> " 'We are inclined to the view that the facts in evidence here are not sufficient to warrant the allowance of punitive damages. There was no evidence of insult, indignity, malice, oppression or bad motive other than the same false representations for which they have received the amount demanded.' "

*Accord, Davis v. Highway Commission, supra; Van Leuven v. Motor Lines,* 261 N.C. 539, 135 S.E. 2d 640 (1964) ; *Rubber Co. v. Distributors, Inc.,* 253 N.C. 459, 117 S.E. 2d 479 (1960) ; *Binder v. Acceptance Corp.,* 222 N.C. 512, 23 S.E. 2d 894 (1943).

[1, 2]  Punitive damages may be awarded only where the wrong is done willfully or under circumstances of rudeness, oppression or in a manner which evidences a reckless and wanton disregard

of the plaintiff's rights. *Davis v. Highway Commission, supra; Nunn v. Smith, supra; Rubber Co. v. Distributors, Inc., supra; Swinton v. Realty Co., supra.* The court correctly refused to submit an issue as to punitive damages. This assignment is overruled.

The trial court below refused to submit the following proposed issue to the jury:

> "Did the false representations of the defendant to the plaintiff in connection with the sale of said vehicle, as alleged in the complaint, constitute unfair or deceptive acts or practices in the conduct of trade or commerce?"

This refusal was based on the trial court's opinion that the proposed issue was not one of fact for the jury but one of law for the judge. The Court of Appeals disagreed, holding the evidence and stipulations of the parties sufficient to raise a jury question and remanding for a new trial.

G.S. 75-1.1, in part, provides:

> "*Methods of competition, acts and practices regulated; legislative policy.*— (a) Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

> "(b) The purpose of this section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that good faith and fair dealings between buyers and sellers at all levels of commerce be had in this State."

G.S. 75-16 provides:

> "*Civil action by person injured; treble damages.*—If any person shall be injured or the business of any person, firm or corporation shall be broken up, destroyed or injured by reason of any act or thing done by any other person, firm or corporation in violation of the provisions of this Chapter, such person, firm or corporation so injured shall have a right of action on account of such injury done, and if damages are assessed by a jury in such case judgment shall be rendered in favor of the plaintiff and against the defendant for treble the amount fixed by the verdict."

Hardy v. Toler

For general comment on these sections, *see* 48 N.C.L. Rev. 896 (1970) ; 6 Wake Forest Intra. L. Rev. 1 (1969).

The issue now before us is whether the determination that certain acts or practices constitute unfair or deceptive acts or practices, in violation of G.S. 75-1.1, is to be made by the judge or by the jury.

This issue appears to be one of first impression before this Court. Some guidance may be obtained by reference to federal decisions on appeals from the Federal Trade Commission, since the language of G.S. 75-1.1 closely parallels that of the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1) (1973 Ed.), which prohibits "unfair or deceptive acts or practices in commerce." The federal courts, while according great weight to the evidentiary findings of the F.T.C., have made it clear that the ultimate determination of what constitutes unfair competition and deceptive practices rests with the courts. *F.T.C. v. Colgate-Palmolive Co.*, 380 U.S. 374, 13 L.Ed. 2d 904, 85 S.Ct. 1035 (1965) ; *Fed. Tr. Comm'n v. Keppel & Bro.*, 291 U.S. 304, 78 L.Ed. 814, 54 S.Ct. 423 (1934) ; *Firestone Tire and Rubber Company v. F.T.C.*, 481 F. 2d 246 (6th Cir. 1973) ; *accord, Wisdom v. Norton*, 507 F. 2d 750 (2d Cir. 1974).

Other states have also had occasion recently to interpret similar consumer protection statutes. In *Commonwealth v. De-Cotis*, 316 N.E. 2d 748 (Mass. App. 1974), the court conceded that the Massachusetts statute, like our counterpart here, furnishes no definition of what constitutes an unfair act or practice made unlawful under the statute. Since the Massachusetts trial court sits in equity without a jury, the appellate court did not specifically address itself to the division of function between jury and judge in determining whether a violation had occurred. However, the reasoning of the court throws light on its thinking on the issue:

> "The defendants next contend that they engaged in no deception or unfair act and practice. In light of the *facts* found by the Judge and by us, such an argument can succeed only if *as a matter of law* their conduct was not an unfair or deceptive act or practice within the meaning of those words. . . . The existence of unfair acts and practices must be determined from the circumstances of each case. . . . What we can determine is that the collection of resale charges by the defendants was an unfair act or practice." *Id.* at 753-54. (Emphasis added.)

An even more recent case, *PMP Associates, Inc. v. Globe Newspapers, Co.*, 321 N.E. 2d 915 (Mass. 1975), indicates again that the court reserves for itself the ultimate determination as a matter of law of what constitutes an unfair trade practice.

Although neither the federal nor Massachusetts decisions are directly in point because of the posture of the cases, one an appeal from an administrative ruling, another from a judge sitting in equity, their reasoning is persuasive and supported by logic. The traditional function of the jury has been a fact-finding one but the determination as to liability under those facts should be found by the court as a matter of law.

Proof of fraud would necessarily constitute a violation of the prohibition against unfair and deceptive acts; however, the converse is not always true. *D.D.D. Corporation v. F.T.C.*, 125 F. 2d 679 (7th Cir. 1942). In *Garland v. Penegar*, 235 N.C. 517, 70 S.E. 2d 486 (1952), Chief Justice Devin, speaking for the Court in an automobile fraud case, said:

> "Plaintiff alleged and offered evidence tending to show that the defendant, an automobile dealer, falsely and fraudulently represented that the automobile then being sold him was a 'new demonstrator,' that it had been driven only 1,000 miles as the speedometer apparently indicated, and that the automobile was in perfect condition. Plaintiff testified that instead of being as represented the automobile was not a new one but had been previously sold to another person who drove it 8,000 miles and then turned it back to the defendant. Plaintiff also testified the automobile was not in good condition, and that he had incurred trouble and expense in repairs.

> \*    \*    \*

> "It is apparent from an examination of the record that the plaintiff offered sufficient evidence to carry the case to the jury on the issue of actionable fraud and deceit, and that defendant's motion for judgment of nonsuit was properly denied. *Whitehurst v. Ins. Co.*, 149 N.C. 273, 62 S.E. 1067; *Ward v. Heath*, 222 N.C. 470, 24 S.E. 2d 5; *Gray v. Edmonds*, 232 N.C. 681, 62 S.E. 2d 77."

Courts in other jurisdictions have decided cases involving similar factual situations under new statutes similar to G.S. 75-1.1. *See Slaney v. Westwood Auto, Inc.*, 322 N.E. 2d 768

(Mass. 1975) ; *In re Brandywine Volkswagen, Ltd. v. Dept. of Community Affairs,* 312 A. 2d 632 (Del. 1973) ; *Danforth v. Independence Dodge, Inc.,* 494 S.W. 2d 362 (Mo. App. 1973).

[3] Ordinarily it would be for the jury to determine the facts, and based on the jury's finding, the court would then determine as a matter of law whether the defendant engaged in unfair or deceptive acts or practices in the conduct of trade or commerce. However, in the present case, the parties have stipulated as follows:

"1. That the plaintiff is a citizen and resident of Craven County, North Carolina, and that the defendant, Charles L. Toler, at the times hereinafter complained of, was a citizen and resident of Beaufort County, North Carolina; that at the times hereinafter complained of, the said Charles L. Toler, was employed as the sales manager of this co-defendant, Pamlico Motor Company, which is a corporation duly organized under the laws of the State of North Carolina, engaged in the business of buying and selling new and used cars in Beaufort County, North Carolina; that the said Charles L. Toler was a notary public in and for the State of North Carolina, as well as was the secretary-treasurer of said corporation, and one of its two principal stockholders.

"2. That on or about the 11th day of November, 1971, the plaintiff, Eddie Hardy, Jr., purchased from the defendant corporation, through its agent, servant and employee, Charles L. Toler, a 1970 Dodge automobile for the total purchase price of $2,350.00 and that at that time the said automobile's odometer reflected mileage of no less than 21,000 nor more than 23,000 miles.

"3. That the said automobile sold to the plaintiff, was represented by the defendant, Charles L. Toler, as the agent, servant and employee of Pamlico Motor Company, as being a one-owner vehicle, and that if the plaintiff purchased the same, the remaining portion of the original new car warranty could be transferred to him upon his payment of the additional sum of $25.00 for a transfer fee, and this representation was made part of the bargain for the purchase of the Dodge automobile, and that the said sum was in fact paid, along with the purchase price. That the said automobile in fact, had been sold twice prior to this time,

Hardy v. Toler

by the defendant corporation, and this was known by the individual defendant, Charles L. Toler, for the vehicle had been previously sold to Jasper Willis Fleming and then subsequently to Guy L. Satterthwaite. That during the period the car was owned by Guy L. Satterthwaite, it was involved in a collision and was wrecked, and this information was known by the defendant at the time of the sale to the plaintiff, as well as that this was the third sale of the said vehicle."

Based on these stipulated facts, we hold as a matter of law that the false representations made by defendants to plaintiff constituted unfair or deceptive acts or practices in commerce contrary to the provisions of G.S. 75-1.1, and treble damages should have been awarded as provided by G.S. 75-16 in the amount of $1,800.

For the reasons stated, the case is remanded to the Court of Appeals with direction that it be remanded to the Superior Court of Craven County for entry of judgment in favor of plaintiff against the defendants Charles L. Toler and Pamlico Motor Company, a corporation, in the amount of $1,800. As so modified, the decision of the Court of Appeals is affirmed.

Modified and affirmed.

Justice HUSKINS concurring in result.

We have said that punitive damages are damages, other than compensatory or nominal damages, awarded against a person " 'to punish him for his outrageous conduct.' . . . In some cases, in actions to recover damages for fraud, where punitive damages are asked, it is suggested that a line of demarcation be drawn between aggravated fraud and simple fraud, with punitive damages allowable in the one case and refused in the other. In a note in 165 A.L.R. 616, it is said: 'All that can be said is that to constitute aggravated fraud there must be some additional element of asocial behavior which goes beyond the facts necessary to create a case of simple fraud.' " *Swinton v. Realty Co.,* 236 N.C. 723, 73 S.E. 2d 785 (1953).

In the case before us defendants represented that the car involved was a one-owner car, had been driven only 23,000 miles, had never been wrecked, and that the warranty could be transferred to plaintiff. Plaintiff purchased the vehicle upon

those representations. The truth of the matter was that the car was a second-owner vehicle, had been wrecked, had been driven 80,000 miles when plaintiff bought it, and the warranty could not be transferred. When plaintiff discovered the truth and sought to rescind the contract, Toler denied that the car had been wrecked and said plaintiff must have wrecked it himself. In the face of all that, both defendants *stipulated* at the trial that they knew at the time of the sale that the vehicle had been sold on two previous occasions and had been involved in a wreck prior to the sale to plaintiff. And uncontradicted evidence shows that defendants knew the car had over 80,000 miles on it while telling plaintiff the mileage was only 23,000. In my view such conduct is "outrageous conduct" and contains an additional element of asocial behavior which goes beyond simple fraud and constitutes aggravated fraud. Nothing else appearing, the facts in evidence here are sufficient to warrant the allowance of punitive damages.

I concur in the result reached in this case, however, because G.S. 75-16 is itself punitive in nature and provides for the recovery of damages in treble the amount fixed by the verdict. Having sought and recovered treble damages, plaintiff's right to punitive damages is thereby excluded. For these reasons I concur in the result reached by the majority.

Justices LAKE and EXUM join in this concurring opinion.