CORBETT L. SILVER AND WIFE, IDA CARSON SILVER, v. T. H. SKIDMORE.

(Filed 23 March, 1938.)

**1. Fraud § 11—Evidence held for jury on issue of fraudulent misrepresentation and damages in sale of land by vendor.**

Plaintiffs alleged that defendant vendor represented that there was a sewer line along the highway in front of the property sold. The male plaintiff testified that defendant made such representation to him, told him that the house on the adjacent property was connected with the sewer and did not have a septic tank, and that he told defendant he intended building a house and that he would not buy property requiring the use of a septic tank under any circumstances, which testimony was corroborated by his brother. Plaintiffs also introduced evidence that plaintiffs relied and acted upon the representation in regard to the sewer line, that there was no sewer line along the highway, and that a septic tank was used for sewage disposal on the adjacent property, and that the value of the land was less without an available sewer. Defendant testified that he told the male plaintiff he thought there was an available sewer and that plaintiffs made their own investigation, and introduced evidence contradicting plaintiffs' evidence in other material aspects. *Held:* The defendant's motion to nonsuit was properly denied by the original trial court, and the conflicting evidence was properly submitted to the jury on the issues of fraudulent misrepresentation, injury and damage.

**2. Appeal and Error § 21—**

Where the charge of the court is not in the record, it will be presumed that the questions of fact were properly submitted to the jury.

APPEAL by plaintiffs from *Johnston, J.,* at November Term, 1937, of BUNCOMBE.

The plaintiffs recovered judgment in this action in the general county court of Buncombe County, but upon appeal of defendant to the Superior Court the judge sustained the exceptions of the defendant to the refusal by the trial judge to dismiss the action upon a demurrer to the

evidence, and remanded the case to the general county court for judgment as in case of nonsuit. To the ruling of the judge of the Superior Court the plaintiffs excepted, and appealed to the Supreme Court. Reversed.

*Geo. M. Pritchard and M. A. James for plaintiffs, appellants.*
*Harkins, Van Winkle & Walton for defendant, appellee.*

SCHENCK, J. The plaintiffs instituted this action to recover damages alleged to have been sustained by reason of false and fraudulent representations made by the defendant to the plaintiffs relative to the existence of a sewer line in the street in front of a 12½-acre tract of land conveyed by the former to the latter, and the absence of a cesspool or septic tank for sewage disposal for the house on said tract of land. The principal allegations in the complaint are in the following words:

"4. That, prior to purchasing said lands of the defendant, the plaintiff, Corbett L. Silver, expressly informed the defendant that it was the intention of said plaintiff to erect a nice residence on said tract of land on a ridge about 50 feet distant from said Padgett Town Road, and then and there expressly inquired of the defendant as to whether there was a regular sewer main along said road and opposite the place where plaintiff informed the defendant he intended to erect said residence, whereupon the defendant then and there assured the plaintiff that there was at that time a sewer main at said point on said road to which the plumbing and sewer system of said contemplated residence could be connected.

"5. That at the time the plaintiff made said inquiry as to the location of said sewer main along said road at said point the plaintiff also made inquiry as to whether the plumbing system of a residence already constructed on said lands, about 400 feet from said contemplated residence, was connected with said sewer main along said road in front of the residence already constructed and was then and there told by the defendant that such was the case.

"6. That relying upon and solely by reason of the defendant's said statement and assurance that a sewer line was laid along said highway in front of the residence already constructed and in front of the location of said contemplated residence, and solely by reason of said statements and assurances the plaintiff agreed to purchase said 12½ acres of land at said price and parted with $1,100 cash of the purchase price and together with his wife, the plaintiff, Ida Carson Silver, executed a promissory note to the defendant in the sum of $1,100, payable $100.00 each three months from 4 May, 1936, until paid, secured by a deed of trust on said lands and premises, and executed a note for $300.00 in payment

of the realtor's commission for negotiating said trade, the former of which notes, as plaintiffs are advised, informed, and believe are now held by the Wachovia Bank and Trust Company of Asheville for collection for the defendant.

"7. That the plaintiffs were caused and induced to purchase said 12½-acre tract of land of the defendant solely by reason of the defendant's said representation as to the location at said points on said road of a sewer main as aforesaid, and by reason thereof accepted said deed, paid said cash, and executed said promissory notes."

The defendant filed answer and denied the foregoing allegations, except he "admitted that the plaintiffs executed their promissory note to the defendant in the sum of $1,100.00, and that the same is secured by deed of trust on said land and premises."

After denying the defendant's motion for judgment as in case of nonsuit made when the plaintiffs had introduced their evidence and rested their case and renewed when the evidence on both sides was in (C. S., 567), the trial judge submitted the case to the jury upon the following issues:

"1. Did the defendant, T. H. Skidmore, falsely and fraudulently represent to the plaintiffs that the tract of land conveyed by him to the plaintiffs by deed bearing date 4 May, 1936, and recorded in the office of the register of deeds for Buncombe County, North Carolina, in Deed Book 478, on page 353, contained a regular sewer main as alleged in the complaint?

"2. Were the plaintiffs injured and damaged by said false and fraudulent representations?

"3. What damages, if any, are the plaintiffs entitled to recover?"

The first and second issues were answered "Yes" and the third issue "$400.00."

From judgment on the verdict the defendant appealed to the Superior Court, and from judgment in the Superior Court reversing the judgment of the county court the plaintiffs appealed to this Court, assigning as error the action of the Superior Court judge in sustaining the exception of the defendant to the refusal of the trial judge to grant his motion for judgment as in case of nonsuit.

The sole question presented on this appeal is: Was there sufficient evidence introduced to carry the case to the jury? After a close examination of the record we are constrained to hold that the question should be answered in the affirmative.

The plaintiff, Corbett L. Silver, testified: "I know the defendant, T. H. Skidmore. I first became acquainted with him April, 1936. . . . It (the 12½-acre tract) is 765 feet on the Rainbow Terrace Road. . . . The first talk I had with Mr. Skidmore about this

property he was called to Mr. Rowland's office to describe the property and the terms. . . . I asked Mr. Skidmore if this house (referring to the residence that was already on the tract when plaintiff purchased it) was connected with a sewer. He said it was. I told him I wanted to buy it. . . . I asked him if there was a sewer line there. He said there was. He said the house there was connected to it. . . . I asked him especially about a sewer, that I was going to build another house. He says, 'There is no cesspool, but that it connected with the city pool (sewer) of Black Mountain, runs with that street or road.' . . . I said I wouldn't have a septic tank under no consideration. I called it that and he called it a cesspool. He said there was no cesspool, but that it connected with the city sewer of Black Mountain, that it ran with that road. . . . I said I would not have the property under no consideration where I had to use a septic tank. I told him I had had previous experience and that it was not satisfactory, that I would not have a piece of property where I had to use a septic tank."

J. W. Silver, brother of the plaintiff, testified: "My brother asked Mr. Skidmore in Tom Rowland's office what the sewerage was. He said it was connected with the city sewerage, says, 'There is no cesspool there.' That is the Black Mountain City sewerage. He says, 'There is no cesspool there.' My brother told him he would not have a place where a cesspool was because he had been bothered with one where he lived." There was other evidence corroborative of the plaintiff's testimony.

The defendant testified: "As I recall it, Mr. Silver spoke about a sewer at that time. I told him I have no knowledge of a sewer, but I understood there was a sewer available. I have been told that. I told him I had not ever made any investigation. Nothing else was said at that time except the terms, as I recall. That conversation did not exceed five minutes. I never saw Mr. Corbett Silver, plaintiff in this action, after that time." There was other evidence corroborative of the defendant's testimony.

There was evidence tending to show that the plaintiffs relied and acted upon the representations made by the defendant as to the sewer and the absence of a cesspool or septic tank, and there is evidence that the plaintiffs did not so rely or act, but made their own investigations and relied and acted thereupon.

All of the evidence is to the effect that there is no sewer in the street in front of the tract of land sold by the defendant to the plaintiffs, and that the house on said tract of land used a cesspool or septic tank for sewage disposal, and that the value of the tract of land is less without an available sewer than it would be if a sewer was available in the street in front thereof.

The contradictory evidence of the plaintiffs and defendant raised questions of fact which could be clearly presented upon the issues upon which the case was tried, and, in the absence of the charge from the record, the questions of fact are presumed to have been properly submitted to the jury.

While the jury might have been entirely justified in answering the issues in favor of the defendant, we cannot concur with the holding of the judge of the Superior Court to the effect that there was no evidence of the plaintiffs' alleged cause of action.

This case is governed by the principle enunciated in *Haywood v. Morton,* 209 N. C., 235, wherein is quoted the following from *Ferebee v. Gordon,* 35 N. C., 350, to wit: "When, therefore, in a contract of sale the vendor affirms that which he either knows to be false or does not know to be true, whereby the other party sustains a loss, and he acquires a gain, he is guilty of a fraud for which he is answerable in damages. When, therefore, sued for a deceit in the sale of an article, he cannot protect himself from responsibility by showing that the vendee purchased with all faults, if it appear that he resorted to any contrivance or artifice to hide the defect of the article or made a false representation at the time of the sale."

We are of the opinion, and so hold, that the judge of the Superior Court was in error in sustaining the exception of the defendant to the refusal of the trial judge to grant the motion for judgment as in case of nonsuit, and the case is remanded to the Superior Court for judgment in accord with this opinion.

Reversed.