LUTHER C. ATKINSON AND WIFE, FRANCES M. ATKINSON, v. CHARLOTTE BUILDERS, INC., AND WILLIAM C. TAYLOR.

(Filed 3 May, 1950.)

**Fraud § 4—**

> A positive representation by the seller's agent, acting within the scope of his employment, that the house, the subject of sale then under negotiation, was brick veneer when in fact it was built of "speed brick" which allowed the seepage of water destructive of plaster and paint on the inside, *held* sufficient to support an action for fraud even in the absence of *scienter,* since a person who is in a position to know the truth may be

held liable for a misrepresentation made in conscious and reckless ignorance of its truth or falsity when such representation is made to induce the sale and is reasonably relied on by the purchaser.

APPEAL by plaintiffs from *Patton, Special Judge,* November Term, 1949, of MECKLENBURG. Reversed.

This was an action for damages for fraud and deceit in the sale of a house. At the close of plaintiffs' evidence, defendants' motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiffs appealed.

*Jay W. Alexander, Jr., for plaintiffs, appellants.*
*Lassiter & Moore for defendants, appellees.*

DEVIN, J. We think the plaintiffs offered evidence, when considered in the light most favorable for them, sufficient to carry the case to the jury.

The testimony tended to show that the defendants' agent, who admittedly was acting within the scope of his employment, represented to the plaintiffs that the house, the subject of sale then being negotiated, was constructed of brick veneering, and that plaintiffs relied on this representation and were induced thereby to make the purchase, whereas in truth and in fact the house was built of what is called "speed brick"—a hollow brick without air space between brick and plaster—a kind of structure which permits water to pass through, destructive of plaster and paint on the inside.

Defendants argue absence of evidence of *scienter* as ground upon which the nonsuit should be sustained. However, it is well settled that a false representation positively made by one who ought in the discharge of his duty to have known the truth and who is consciously and recklessly ignorant whether it be true or false, may be regarded as fraudulent when made to induce a sale and reasonably relied on by the vendee. *Modlin v. R. R.,* 145 N.C. 218, 58 S.E. 1075; *Whitehurst v. Insurance Co.,* 149 N.C. 273, 62 S.E. 1067; *Bank v. Yelverton,* 185 N.C. 314, 117 S.E. 299; *Stone v. Milling Co.,* 192 N.C. 585, 135 S.E. 449; *Silver v. Skidmore,* 213 N.C. 231, 195 S.E. 775; *Small v. Dorsett,* 223 N.C. 754, 28 S.E. 2d 514. *Harding v. Insurance Co.,* 218 N.C. 129, 10 S.E. 2d 599, is not controlling on the facts here presented.

Without discussing the evidence further, we think it sufficient to survive a motion for nonsuit, and that the judgment below must be

Reversed.