MARGARET BRICKELL v. D. K. COLLINS AND JO ELIZABETH COLLINS, D/B/A COLLINS CONSTRUCTION COMPANY

No. 7910SC269

(Filed 5 February 1980)

1. Vendor and Purchaser § 6.1— sale of new house—implied warranty

Defendant who sold a newly completed house and lot to plaintiff impliedly warranted to her that, at the time of passing the deed, the dwelling together with all the fixtures was substantially free from major structural defects and was constructed in a workmanlike manner.

2. Vendor and Purchaser § 6; Fraud § 12— sale of new house—defect in masonry—defendant's lack of actual knowledge—insufficient evidence of fraud

In an action to recover for damages to plaintiff's house occurring because masonry veneer was not anchored with properly spaced metal ties as required

by the city building code, plaintiff's evidence was insufficient to establish fraud by defendant builder since plaintiff failed to show that defendant actually knew of the defect, and the mason's knowledge of the improper spacing was not imputed to defendant so as to attribute to him actual knowledge.

APPEAL by defendant D. K. Collins from *Preston, Judge.* Judgment entered 29 December 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 14 November 1979.

Plaintiff's complaint, filed 13 September 1977, alleged that defendant, as a homebuilder and as a vendor of real property, committed fraud in the inducement of sale of a new house to plaintiff. Plaintiff offered evidence tending to show that she purchased a newly constructed, two-story, brick veneer dwelling on a lot located at 4501 Keswick Drive in Raleigh, from defendant D. K. Collins, a speculative builder, on 19 November 1965 for $29,000. In August 1975 plaintiff discovered a crack in the brick veneer at a front corner of the house. An inspection revealed that the house was not constructed in conformity with the Raleigh Building Code, Sec. 15(5) which required that masonry veneer be anchored to the frame with "metal ties spaced every sixth course or 16 inches vertically and not more than 32 inches o.c. horizontally . . . ."

Plaintiff also alleged that Collins knew of the latent defect but fraudulently concealed it from her. She prayed for cost of repairing the wall amounting to $2,527.50, for loss of market value in the sum of $18,000, and for punitive damages in the sum of $10,000.

Defendant denied all material allegations except the sale of the dwelling to plaintiff.

Upon trial without a jury the court found, *inter alia:*

"10. Collins subcontracted the masonry work for the Brickell house. He provided the masons with brick, mortar, and wall ties needed for the construction.

11. Collins did not direct the masons in the laying of the bricks, but he periodically inspected their work and had the authority to require that they correct any defective work which they performed.

12. It was Collins' responsibility, as general contractor for the Brickell project, to supervise all work done on the house and to see that the wall ties in the veneer were properly installed as the masonry work progressed.

\* \* \* \*

16. After several unsuccessful attempts to contact Collins, Brickell contacted an engineer, Dale Blosser, and requested that he determine the cause of the cracking and assist in correcting the problem.

17. Mr. Blosser is a licensed architect with special expertise in the area of construction administration, and was accepted by Court as an expert witness.

\* \* \* \*

22. After the veneer at the corner was repaired, Blosser conducted tests with a specialized metal detector to determine the number and spacing of the wall ties in the other areas of the veneer.

23. Blosser's testing indicated that the majority of the veneer failed to meet the applicable Raleigh Building Code standard for the number and spacing of wall ties."

The trial court made, *inter alia*, the following conclusions of law:

"2. Collins knew, or should have known, that the house was constructed with an inadequate number of wall ties.

\* \* \* \*

4. Collins' responsibility for seeing that the wall ties were properly installed in compliance with the requirements of the Raleigh City Code was a non-delegable duty.

\* \* \* \*

6. Since the defect in the construction of the house built with insufficient wall ties was not apparent to Brickell and not within the reach of her diligent attention and observation, Collins was under a duty to disclose this information to Brickell.

7. Collins' failure to disclose to Brickell the material defect in the construction of the house constituted actionable fraud."

Defendant appeals from the judgment awarding $7,609.50 as general damages, and $5,000.00 as punitive damages.

*Jordan, Morris and Hoke by Joseph E. Wall for plaintiff appellee.*

*Boyce, Mitchell, Burns & Smith by G. Eugene Boyce and James M. Day for defendant appellant D. K. Collins.*

CLARK, Judge.

[1]   Defendant sold a newly completed house and lot to plaintiff. In so doing he impliedly warranted to her that at the time of passing the deed the dwelling, together with all the fixtures, was substantially free from major structural defects and was constructed in a workmanlike manner. *See Griffin v. Wheeler-Leonard & Co.*, 290 N.C. 185, 225 S.E. 2d 557 (1976); *Hartley v. Ballou*, 286 N.C. 51, 209 S.E. 2d 776 (1974); 13 Strong's N.C. Index 3d *Vendor & Purchaser* § 6.1 (1978).

Clearly, the plaintiff has alleged and offered evidence tending to show a breach of implied warranty. However, an action for breach of implied warranty would in this case be barred by the ten-year statute of limitations, N.C. Gen. Stat. § 1-15(b) (repealed, effective 1 October 1979). It is apparent that plaintiff relies on fraud as the basis for recovery in this action for the purpose of bringing the claim within N.C. Gen. Stat. § 1-52 providing for a limitation of three years from the time of discovery of fraud.

The following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974); *Johnson v. Owens*, 263 N.C. 754, 140 S.E. 2d 311 (1965); *Moore v. Wachovia Bank & Trust Co.*, 30 N.C. App. 390, 226 S.E. 2d 833 (1976). It is settled that where there is a duty to speak, the concealment of a material fact is equivalent to fraudulent misrepresentation. *Griffin v. Wheeler-Leonard & Co.*, *supra.*

[2]   We find, however, that one of the essential elements of fraud is not supported by the evidence and was not found by the trial court. The plaintiff has failed to show that defendant D. K. Collins *knew* the masonry veneer was not anchored to the frame with metal ties as required by the Raleigh Building Code, Sec. 15(5). The evidence is sufficient to support the findings of the trial court that the structural defect was material and that defendant D. K. Collins as builder was responsible for the defect. There was evidence that the masons who performed the work for defendant used metal ties, but that the ties, particularly in the area where the wall cracked, were not properly spaced as required by the Code. There was evidence that defendant furnished sufficient metal ties to the masons, and that the ties would not be visible when put in place between the framing and the brick. Nonetheless, even though the defendant on a daily basis observed their work, there is no evidence that he knew that the metal ties used by them were not spaced as required.

In addition, the trial court concluded: "2. Collins knew, *or should have known,* that the house was constructed with an inadequate number of wall ties." (Emphasis added.) The phrase "or should have known" does not meet the essential element of guilty knowledge or fall within any recognized exception to the rule that defendant must have knowledge of the falsity in order to be liable for fraud. In *Griffin, supra,* the court stated: "There is no evidence whatever that Wheeler *knew* that the Griffin house had been constructed so that there would, or likely would, be a continuing water problem in the crawl space." 290 N.C. at 199, 225 S.E. 2d at 566. The Court held that the directed verdict on the fraud issue was properly sustained. Similarly, the general rule is that "[s]ilence, in order to be an actionable fraud, must relate to a material matter *known to the party* and which it is his legal duty to communicate to the other contracting party . . . ." (Emphasis added.) 37 Am. Jur. 2d Fraud § 145 (1968). *See also, Setzer v. Old Republic Life Insurance Co.,* 257 N.C. 396, 126 S.E. 2d 135 (1962).

There are exceptions to the rule that to recover for fraud the defendant must have knowledge of the falsity. Guilty knowledge will be implied from a statement made by a vendor who affirms a material fact which he does not know to be true. *Silver v. Skidmore,* 213 N.C. 231, 195 S.E. 775 (1938); *Pate v. Blades,* 163 N.C. (Strong) 267, 79 S.E. 608 (1913). Under special circumstances the

Court may imply knowledge on the speaker, such as the inventor of a machine, "who must be fully informed as to [a machine's] good and bad qualities." *Unitype Co. v. Ashcraft Bros.*, 155 N.C. (Strong) 63, 67, 71 S.E. 61 (1911). Under certain conditions if a party to a bargain avers the existence of a material fact recklessly, the party will be held responsible for the falsehood. *Roberson v. Williams*, 240 N.C. 696, 83 S.E. 2d 811 (1954); *Atkinson v. Charlotte Builders, Inc.*, 232 N.C. 67, 59 S.E. 2d 1 (1950); *Ward v. Heath*, 222 N.C. 470, 24 S.E. 2d 5 (1943). However, we do not find any special conditions, circumstances, or recklessness on the part of the defendant, that would bring the case before us within any recognized exception to the broad rule that culpable knowledge of the misrepresentation is a necessary element of fraud.

The plaintiff relies on *Brooks v. Ervin Construction Co.*, 253 N.C. 214, 116 S.E. 2d 454 (1960). In that case defendant-builder sold plaintiff a house and lot. The defendant had constructed the house over a large hole which it had filled with debris and then covered over with clay. The defendant had actual knowledge of this condition, and defendant knew, or should have known, that a house built on "disturbed soil" will settle and material damage will result. The Court ruled that the evidence made out a case of actionable fraud sufficient to carry the case to the jury.

Plaintiff's reliance on *Brooks* is misplaced since the defendant in *Brooks* had actual knowledge of the structural defect, the displaced soil. In the case *sub judice*, defendant Collins should have known that inadequate spacing of the metal ties, as shown by plaintiff's evidence, would cause the masonry wall to pull from the framing and that material damage would result. But knowledge of the defect which would cause the result is absent. *Griffin v. Wheeler-Leonard & Co.*, *supra.* The negligence of the masons employed by defendant in failing to properly space the metal ties is imputed to the defendant and might be the basis for a tort action based on negligence or a breach of contract claim, if this were an action by an owner against a builder who contracted with the owner to build the house. Moreover, the improper spacing of the metal ties would support a claim for breach of implied warranty by the buyer-plaintiff against the seller-defendant in the case before us. Here, however, the plaintiff has based her action on fraud, and the mason's knowledge of the improper spacing is

not imputed to the defendant so as to attribute to him actual knowledge, a necessary element of fraud.

Since there is no evidence of actual knowledge by defendant of the construction defect and the finding of the trial court that "Collins knew, or should have known" about the defect does not support the judgment for fraud, the judgment is vacated, and the action is dismissed.

Vacated and dismissed.

Judges ARNOLD and ERWIN concur.