ELSIE WILKINS WILLIAMS v. EAST COAST SALES, INC.

No. 826SC56

(Filed 7 December 1982)

1. **Appeal and Error § 45— filing stenographic transcript—noncompliance with Rules—appeal subject to dismissal**

 Where defendant chose to file a stenographic transcript of the trial proceedings in lieu of a narration of the evidence, pursuant to Rule 9(c)(1), but failed to reproduce and include in the body of the brief itself, or attach as an appendix to its brief, those portions of the transcript essential to an understanding of the questions presented, as required by Rule 28(b)(4), and failed to indicate in its "statement of facts" the transcript page numbers where the fact cited could be located, defendant's appeal was subject to dismissal.

2. **Fraud § 3.3— mobile home purchase—misrepresentation by silence—law of contracts not applicable**

 In an action to recover damages based upon defendant mobile home dealer's failure to inform plaintiff purchaser of the necessity for a health permit before the mobile home could be used as a dwelling as required by G.S. 130-166.31, the trial court properly failed to instruct on the law of contracts since the issue of breach of contract was irrelevant to plaintiff's right to relief. Defendant's duty to speak in the case, which rendered its silence actionable fraud, was a *legal duty* imposed by statute and not a duty arising out of the contractual relationship of plaintiff and defendant. G.S. 130-166.31(a) and (b).

APPEAL by defendant from *Allsbrook, Judge.* Judgment entered 10 September 1982 in Superior Court, BERTIE County. Heard in the Court of Appeals 8 November 1982.

This is a civil action to recover actual and punitive damages in connection with the plaintiff's purchase of a mobile home from the defendant, East Coast Sales, Inc. Defendant is in the business of selling mobile homes and, as such, is under a statutory duty to provide information to purchasers regarding health permits required before a mobile home may be used as a dwelling. G.S. 130-166.31. Plaintiff owned a lot and intended to purchase a mobile home for use as a dwelling to place upon her lot.

Plaintiff negotiated the sale with defendant's agent, Mack Davis, who arranged financing with Wachovia Bank. Plaintiff made a down payment on a mobile home and signed a note and purchase money security agreement for the balance. Plaintiff was not informed of the health permit requirement. Ultimately, plaintiff was unable to obtain a permit because her lot was too small for the mobile home and unsuitable for a septic tank. Therefore,

Williams v. East Coast Sales

the mobile home was unusable as a dwelling as it was never connected to a sewerage disposal system and, as a result, plaintiff was also refused an electrical hook-up. Plaintiff discontinued her monthly payments on the note. The mobile home was repossessed and plaintiff's initial payments were not refunded. Plaintiff sought to set aside the note and purchase money security agreement on the grounds of fraud, to recover expenses incurred in preparing her lot for the trailer, and to recover punitive damages for defendant's failure to comply with G.S. 130-166.31.

The issues of fraudulent misrepresentation by silence, actual damages, and punitive damages were submitted to the jury. From a jury verdict in favor of plaintiff for actual and punitive damages and judgment of the court, defendant appeals.

*Thomas L. Jones, for defendant appellant.*

*Pritchett, Cooke & Burch, by W. L. Cooke, for plaintiff appellee.*

JOHNSON, Judge.

[1] Defendant's sole assignment of error relates to the trial court's failure to instruct the jury on the law of contracts. Pursuant to Rule 9(c)(1), Rules of Appellate Procedure, defendant chose to file a stenographic transcript of the trial proceedings in lieu of a narration of the evidence. Defendant correctly reproduced verbatim the entire charge given and included it in the record on appeal. However, defendant did not reproduce verbatim and include in the body of the brief itself, or attach as an appendix to its brief, those portions of the transcript essential to an understanding of the questions presented, as required by Rule 28(b)(4), Rules of Appellate Procedure, when the stenographic transcript alternative is chosen. In addition, defendant failed to indicate in its "Statement of Facts" the transcript page numbers where the facts cited could be located.

"Failure to observe the requirements of Rule 28(b)(4) constitutes a substantial impediment to the capacity of this court to perform its functions." *State v. Greene,* 59 N.C. App. 360, 361, 296 S.E. 2d 802 (1982). "Rules of Appellate Procedure are mandatory and failure to observe them is grounds for dismissal of the appeal." *State v. Wilson,* 58 N.C. App. 818, 819, 294 S.E. 2d 780 (1982).

Rule 28(b)(4) requires an appendix of transcript portions to be attached to the brief "if there are portions of the transcript which must be reproduced verbatim in order to understand a question presented in the brief." However, the rule provides further that, "it is not intended that an appendix be compiled to show the general nature of the evidence."

The trial judge is required to declare and explain the law arising on the evidence given in the case. G.S. 1A-1, Rule 51(a). Therefore, defendant's assignment of error requires a careful examination of the trial record by this Court so that we may determine if the evidence presented at trial gave rise to the issue of defendant's breach of contract. Appellant's counsel could reasonably, although erroneously, have interpreted Rule 28(b)(4) to not require verbatim reproduction of the testimony supporting the error assigned in this case. Therefore, we will review defendant's assignment of error.

[2] Defendant argues that because plaintiff and defendant entered into a contract for the purchase of a mobile home, whether there was a breach of this contract is the main and only issue that is proper in the case. However, defendant nowhere states what the terms of the contract are or the behavior on its part which complied with the contract's terms, thus precluding recovery by the plaintiff.

The plaintiff's complaint states three causes of action arising out of the facts and circumstances of her purchase from defendant of a mobile home for use as a dwelling. The allegations, taken as a whole, state a claim for relief arising from defendant's false and fraudulent misrepresentation by silence that plaintiff could utilize the mobile home she purchased as a dwelling, situated upon the lot she owned near Aulander, N.C.

The following essential elements of actionable fraud are well established: (1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injured party. *Bricknell v. Collins*, 44 N.C. App. 707, 262 S.E. 2d 387 (1980). It is well settled that where there is a duty to speak the concealment of a material fact is equivalent to fraudulent misrepresentation. *Griffin v. Wheeler-Leonard & Co.*,

---

Williams v. East Coast Sales

---

290 N.C. 185, 225 S.E. 2d 557 (1976). The general rule is that "[s]ilence, in order to be an actionable fraud, must relate to a material matter known to the party and which it is his *legal duty* to communicate to the other contracting party." (Emphasis added.) 37 Am. Jur. 2d Fraud § 145, p. 199 (1967).

G.S. 130-166.31(a) provides:

> Every mobile home dealer doing business in this State shall be required to furnish each purchaser of a mobile home an easily understandable summary of the provisions of this Article. The Department of Human Resources shall prepare the summary and shall make sufficient copies available to dealers.

Subsection (b) provides:

> Each mobile home dealer shall be required to post conspicuously at the office of each mobile home sale lot the following: 'NOTICE: State law requires that the local health department determine the method and adequacy of sewerage disposal before a mobile home is placed on the premises.'

The foregoing statutory provisions were offered into evidence at trial and read to the jury as part of the trial court's instructions. Judge Allsbrook gave a careful and thorough instruction on the law of fraud.

It is clear that defendant's duty to speak, which rendered its silence actionable fraud, is a *legal duty* imposed by statute and not a duty arising out of the contractual relationship of plaintiff and defendant. Therefore, the issue of breach of contract is irrelevant to plaintiff's right to relief under the facts of this case. Defendant's assignment of error is without merit.

No error.

Judges ARNOLD and HILL concur.